# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> PETE HEGSETH, in his official capacity as Secretary of Defense, ) <br> ) <br> TULSI GABBARD, in her official capacity as Director of National Intelligence, ) <br> ) <br> JOHN L. RATCLIFFE, in his official capacity as Director of the Central Intelligence Agency, ) <br> ) <br> SCOTT BESSENT, in his official capacity as Secretary of the Treasury ) <br> ) <br> MARCO A. RUBIO, in his official capacities as Secretary of State and Acting Archivist of the United States, ) <br> ) <br> and ) <br> ) <br> NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, ) <br> ) <br> *Defendants*. ) | Case No. 1:25-cv-883 |

## DECLARATION OF BENJAMIN A. SPARKS

I, BENJAMIN A. SPARKS, hereby declare as follows:

1. I am Senior Counsel at American Oversight and counsel of record for American Oversight in the above-captioned action. I make this declaration based on my personal knowledge, through consultation with my colleagues at American Oversight, and through a review of American Oversight's business records created in the ordinary course of its regular operations.

2. American Oversight is a non-partisan, nonprofit organization primarily engaged in disseminating information to the public and committed to ensuring transparency in government and promoting accountability for government officials. American Oversight's primary professional activity or occupation is information dissemination.

3. Through research and requests made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, American Oversight uses the information it gathers, and its analysis of that information, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases and other media.

4. American Oversight analyzes the records it receives and creates explanatory and editorial content on the basis of its findings, and the organization highlights its findings for other media to ensure wide public dissemination. American Oversight also typically posts records it receives from public records requests for free, public viewing on its website. American Oversight disseminates the information it receives in order to facilitate the informed participation of the American public in self-government, including by ensuring the public has the information it needs to effectively petition its representatives in Congress.

5. American Oversight's ability to request public records is crucial to its mission of ensuring transparency into government actions, promoting accountability for government officials, and disseminating information about government activities to the public. In kind, the federal government's preservation of records and enforcement of preservation rules in compliance with the Federal Records Act ("FRA"), 44 U.S.C. §§ 3101 et seq., are foundational to American Oversight's ability to fulfill its mission in obtaining and disseminating government records.

6. In the regular course of its work and in furtherance of its core mission and function, American Oversight has submitted FOIA requests to Defendants' respective agencies and will continue to seek records from such agencies in the future.

7. On March 24, 2025, *The Atlantic* reported that multiple heads of executive agencies, purportedly including individual Defendants in the above-captioned action, used the Signal messaging application from March 11, 2025, through March 15, 2025, to discuss and coordinate imminent U.S. military strikes in Yemen ("the Signal chat").[1]

8. On March 26, 2025, *The Atlantic* published screenshots[2] of the Signal chat, including images showing that some messages were set to disappear in 1 week, and including images indicating that messages were set to disappear[3]

⏱ Disappearing message time was set to 1 week.

. . . .

---

[1] *See* Jeffrey Goldberg, *The Trump Administration Accidentally Texted Me Its War Plans*, The Atlantic (Mar. 24, 2025, 12:06 PM ET), https://www.theatlantic.com/politics/archive/2025/03/trump-administration-accidentally-texted-me-its-war-plans/682151/ (the "*Atlantic* Article").

[2] *See* Jeffrey Goldberg & Shane Harris, *Here Are the Attack Plans That Trump's Advisers Shared on Signal*, The Atlantic (Mar. 26, 8:19 AM), https://www.theatlantic.com/politics/archive/2025/03/signal-group-chat-attack-plans-hegseth-goldberg/682176/?gift=kPTlqn0J1iP9IBZcsdI5IWzhvFf3q4jecuzTA5cASGg&utm_source=copy-link&utm_medium=social&utm_campaign=share (screenshots excerpted and reproduced from the article).

[3] Signal, *Set and manage disappearing messages*, https://support.signal.org/hc/en-us/articles/360007320771-Set-and-manage-disappearing-messages (last visited Mar. 26, 2025) ("[e]ach and every disappearing message will have a timer countdown icon that is visible at the bottom of the message bubble.").

3



9.      Plaintiff American Oversight has submitted multiple Freedom of Information Act requests to Defendants' agencies, including several requests in 2025 that seek Signal messages.

10.      On January 28, 2025, American Oversight submitted a FOIA request to DoD (bearing American Oversight internal tracking number DOD-25-0183) seeking all records reflecting communications, expressly including Signal messages, between DoD officials, including Pete Hegseth, and anyone in the White House Office, containing one or more specified

key terms, from January 20, 2025, through January 27, 2025. On January 28, 2025, DoD acknowledged the request and assigned it tacking number 25-F-2084. Upon information and belief, American Oversight's request remains pending.

11.  American Oversight has regularly requested DoD's communications through FOIA, including Signal messages, and it will continue to do so in the future.

12.  Some of American Oversight's requests to DoD only seek emails.

13.  On January 27, 2025, American Oversight submitted a FOIA request to State (bearing American Oversight internal tracking number STATE-25-0190) seeking all records reflecting communications, expressly including Signal messages, between State officials, including Marco Rubio, and anyone in the White House Office, containing one or more of several key terms, such as "fire," from January 20, 2025, through January 27, 2025. On January 29, 2025, State updated the status of the request to "Received" and noted the tracking number #F-2025-09050. American Oversight's request remains pending.

14.  On February 4, 2025, American Oversight submitted a FOIA request to State (bearing American Oversight internal tracking number STATE-25-0277) seeking all communications, expressly including Signal messages, between State officials, including Marco Rubio, containing one or more specified key terms, such as "eliminat*," from January 20, 2025, through the date that the search is conducted. On March 3, 2025, State updated the status of the request to "In Process" and noted the tracking number, #F-2025-09350. American Oversight's request remains pending.

15.  On February 4, 2025, American Oversight submitted a FOIA request to State (bearing American Oversight internal tracking number STATE-25-0279) seeking all records reflecting communications, expressly including Signal messages, between State officials,

5

including Marco Rubio, and anyone in the White House Office from January 20, 2025, through the date that the search is conducted. On March 12, 2025, State updated the status of the request to "On Hold – Need Info/Clarification" and noted the tracking number, #F-2025-09352. American Oversight's request remains pending.

16.     On February 4, 2025, American Oversight submitted a FOIA request to State (bearing American Oversight internal tracking number STATE-25-0281) seeking all records reflecting communications, expressly including Signal messages, between State officials, including Marco Rubio, and one or more specified members of Congress from January 20, 2025, through the date that the search is conducted. On March 3, 2025, State updated the status of the request to "In Process" and noted the tracking number, #F-2025-09346. American Oversight's request remains pending.

17.     On March 18, 2025, American Oversight submitted a FOIA request to State (bearing American Oversight internal tracking number STATE-25-0691) seeking email communications, sent by State officials, including Marco Rubio, and containing one or more specified key terms from February 5, 2025, through the date that the search is conducted. American Oversight's request remains pending.

18.     American Oversight has regularly requested State's communications through FOIA, including Signal messages, and it will continue to do so in the future.

19.     Some of American Oversight's requests to State only seek emails.

20.     On January 30, 2025, American Oversight submitted a FOIA request to Treasury (bearing American Oversight internal tracking number TREAS-25-0225) seeking all records reflecting communications, expressly including Signal messages, between Treasury officials, including the Acting Secretary at the time, and anyone communicating on behalf of the Department

of Government Efficiency ("DOGE") from January 20, 2025, through the date that the search is conducted. On February 13, 2025, Treasury acknowledged receipt of the request. American Oversight's request remains pending.

21. On February 28, 2025, American Oversight submitted a FOIA request to Treasury (bearing American Oversight internal tracking number TREAS-25-0537) seeking communications, expressly including Signal messages, sent by Treasury officials, including Scott Bessent, and containing one or more specified key terms from January 20, 2025, through the date that the search is conducted. On February 28, 2025, Treasury acknowledged receipt of the request. American Oversight's request remains pending.

22. American Oversight has regularly requested Treasury communications through FOIA, and it will continue to do so in the future.

23. Some of American Oversight's requests to Treasury only seek emails.

24. American Oversight's ability to fulfill its mission of disseminating government records to the public is irreparably harmed if such records are solely contained on ephemeral messaging platforms set to auto-delete before being preserved in accordance with the FRA and agency regulations.

25. On March 26, 2025, at 3:44 p.m. ET, I called the Court's Civil Help Desk line at (202) 354-3190, in an attempt to advise that American Oversight planned to file a motion for temporary restraining order after business hours, but I was directed to voicemail. At 3:47 p.m. ET, I called the Clerk's Office Main line at (202) 354-3000, in an attempt to advise that American Oversight planned to file a motion for temporary restraining order after business hours, but I could not reach anyone. At 3:48 p.m. ET, I called the Court's Civil Help Desk line at (202) 354-3190 and left a voice message advising that American Oversight would be filing a motion for temporary

7

restraining order after business hours. At 3:55 p.m. ET, I emailed the email address provided on the Court's Civil Help Desk voice messaging system (dcd_cmecf@dcd.uscourts.gov) and advised that American Oversight would be filing a motion for temporary restraining order after business hours. A true and correct copy of the email is attached as Exhibit A.

26. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 26, 2025

_/s/ BAS_____
Benjamin A. Sparks