IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:25-cv-00883

-----------------------------------------------------------------------X

AMERICAN OVERSIGHT,

Plaintiff,

-against-

PETE HEGSETH, et al.,
Defendants.

-----------------------------------------------------------------------X

**MOTION TO ALTER
OR AMEND ORDER
DENYING LEAVE TO
FILE PURSUANT TO
RULE 59(e)**

Non-party pro se Jason Goodman respectfully moves this Honorable Court to alter or amend its April 1, 2025, order denying leave to file. Adherence to procedural norms ensures every citizen a fair opportunity to be heard, consistent with *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (courts should liberally construe pro se filings). This motion is made pursuant to Federal Rule of Civil Procedure (FRCP) 59(e) on the grounds that denial of a motion without docketing constitutes a clear error of law and violates the Fifth Amendment right to due process and First Amendment right to petition the government. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (Rule 59(e) appropriate to correct clear legal errors).

I.    **GROUNDS FOR RELIEF**

On March 30, 2025, movant submitted a well-reasoned motion seeking leave to file an amicus brief addressing government transparency—a core issue in this case—and questioning the legal standing of American Oversight. On April 1, 2025, through an abnormal procedure, the Court denied the request without docketing the motion, noting only, "LEAVE TO FILE DENIED - JASON GOODMAN - Motion. This document is unavailable as the Court denied its filing."

While it is inarguably within the Court's discretion to deny a motion seeking leave, the non-standard and undefined process used in doing so here bypassed critical constitutional and procedural standards and infringed upon undeniable rights by failing to first docket the motion.

MOTION TO ALTER OR AMEND ORDER DENYING LEAVE TO FILE PURSUANT TO    1
RULE 59(e)

### A. Violation of Due Process Under the Fifth Amendment

Failure to docket a properly filed motion violates a movant's due process rights under the Fifth Amendment, which guarantees a fair opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard."); *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." BE&K Constr. Co. v. NLRB, 536 U.S. 516, 524 (2002) (the right to petition the government for redress is "among the most precious of the liberties safeguarded by the Bill of Rights"). Denying docketing of a motion seeking to inform the Court and participate meaningfully in a matter of public interest amounts to censorship of core protected activity.

This irregular procedure deprives movant of notice, a chance to correct errors, and appellate review, while also undermining judicial transparency. See Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984); United States v. El-Sayegh, 131 F.3d 158, 160 (D.C. Cir. 1997). Courts have consistently criticized such omissions. See Hoffenberg v. United States, 312 F.3d 78, 81 (2d Cir. 2002). The D.C. Circuit has dismissed appeals due to incomplete records, a risk present here. See Ciralsky v. CIA, 355 F.3d 661, 669 (D.C. Cir. 2004); Burka v. New York City Transit Authority, 32 F.3d 654, 657 (D.C. Cir. 1994); Fed. R. App. P. 10(a). Docketing is an essential step in this process—it ensures a record exists, provides notice, allows for correction of errors, and preserves the right to appellate review. By not docketing the motion, the Court has effectively denied these protections. Courts have criticized such procedural omissions which are especially harmful to pro se litigants who lack the legal expertise and resources of represented parties. The Court's failure to docket the motion—a basic procedural step—takes on heightened

significance given the movant's pro se status and risks undermining the Court's duty to ensure

equal access to justice for all litigants, regardless of representation. *See Hoffenberg v. United*

*States*, 312 F.3d 78, 81 (2d Cir. 2002) (emphasizing the importance of complete records);

*Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (incomplete records can preclude appellate

review).

**B. Violation of the First Amendment Right to Petition**

The Court's refusal to docket the motion also infringes the movant's First Amendment

right to petition the government for redress of grievances. The Supreme Court has long

recognized that filing lawsuits and participating in judicial proceedings are protected forms of

petitioning. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)

("The right of access to the courts is indeed but one aspect of the right of petition.").  The Court's

failure to docket the brief in this case has prevented the movant from exercising this fundamental

right, leaving no official trace of an attempt to meaningfully contribute to this case. This is not a

mere technicality—it strikes at the heart of our most fundamental rights and, if left uncorrected,

this decision risks setting a precedent that would deny citizens, particularly those represented in

court pro se, the ability to effectively engage with the judicial process.

**C. Contravention of Procedural Rules**

The Court's action contravenes Federal Rule of Civil Procedure 5(d)(1) and Local Rule

5.1, which require that all papers after the complaint be filed with the clerk. *See Fed. R. Civ. P.*

*5(d)(1); LCvR 5.1*. Standard practice in federal courts is to docket motions for leave, even if they

are later denied, to ensure consistency and transparency. While the Court retains discretion to

manage its docket, this discretion does not extend to overriding procedural rules or constitutional

rights. Rule 59(e) is the appropriate mechanism to correct such errors. *See United States v.*

MOTION TO ALTER OR AMEND ORDER DENYING LEAVE TO FILE PURSUANT TO    3
RULE 59(e)

*Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1177 (9th Cir. 2010) (Rule 59(e) used to

address procedural mistakes); *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*

*Partnership,* 507 U.S. 380, 395 (1993) (equitable considerations may justify relief).

### D. Undermining Judicial Transparency and Public Trust

The Court's failure to docket the motion undermines judicial transparency and public

trust, particularly in a case centered on government transparency. The public has a right to access

court records, and docketing is a cornerstone of an open judicial system. *See Press-Enterprise*

*Co. v. Superior Court,* 464 U.S. 501, 510 (1984) ("Openness ... enhances both the basic fairness

of the [proceeding] and the appearance of fairness so essential to public confidence in the

system."); *United States v. El-Sayegh,* 131 F.3d 158, 160 (D.C. Cir. 1997) (presumption of access

to filings). By not docketing this critical motion, the Court has obscured a legitimate attempt to

participate, creating an incomplete record that frustrates public oversight and accountability.

### E. The Value of Amicus Briefs

Amicus briefs are a vital part of the judicial process, offering courts diverse perspectives

and expertise. *See Neonatology Associates, P.A. v. Commissioner,* 293 F.3d 128, 131 (3d Cir.

2002) ("Amicus briefs can provide valuable assistance to a court."). The undocketed brief, like

this case itself, focused on government transparency and accountability of action.  It is directly

relevant to this case and could aid the Court in reaching a just outcome. The Court's failure to

follow standard procedures and denial of the movant's fundamental constitutional rights in not

docketing the motion sets the case on an unsteady path toward fair and just resolution. The

minimal burden of docketing and considering the brief pales in comparison to the constitutional

and procedural rights at stake. Denying it without a record or explanation risks chilling future

MOTION TO ALTER OR AMEND ORDER DENYING LEAVE TO FILE PURSUANT TO     4
RULE 59(e)

efforts by non-parties to contribute to important cases. Even worse, failure to docket the brief

deprives the litigants and the public of vital information relevant to the ultimate outcome.

## II.     PRAYER FOR RELIEF

WHEREFORE, for the reasons stated herein, movant Jason Goodman respectfully request

that the Court:

    i.       Alter or amend its April 1, 2025, order under Rule 59(e);

    ii.      Docket the original motion seeking leave to file an amicus brief as part of the

            public record;

    iii.    Grant leave to file the amicus brief, or, in the alternative, provide a judicial

            explanation for the denial;

    iv.    Grant such further relief as the Court deems just and proper.

Dated: New York, New York April 2, 2025

Respectfully submitted

Jason Goodman
Pro Se Amicus Applicant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998