4/1/2025

*James E. Boasberg*
Chief Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------X
AMERICAN OVERSIGHT,

Plaintiff,

-against-

PETE HEGSETH, et al.,
Defendants.
-----------------------------------------------------------------X

Case No. 1:25-cv-00883

**MOTION SEEKING LEAVE TO FILE BRIEF OF AMICUS CURIAE IN OPPOSITION TO PLAINTIFF'S CLAIM OF STANDING**

Pursuant to Local Civil Rule 7(o) and the inherent authority of this Court, Jason Goodman respectfully moves for leave to file the accompanying amicus curiae brief in the above-captioned matter.

### I.   IDENTITY AND INTEREST OF AMICUS

The Proposed Amicus is a U.S. citizen, a journalist, and a documentary filmmaker with extensive experience investigating politically motivated misuse of nonprofit law. Amicus has closely examined the activities of Norm Eisen, founder of Citizens for Responsibility and Ethics in Washington (CREW), and the affiliated network of 501(c)(3) entities working in coordination with American Oversight, the Plaintiff in this legal action. This rogue network has consistently misused nonprofit litigation to pursue partisan political objectives under the guise of ethics enforcement and in violation of Internal Revenue Service Code and other state and federal laws.

### II.   GROUNDS FOR LEAVE

The proposed brief offers a perspective not otherwise presented to the Court: that Plaintiff's conduct violates core requirements of § 501(c)(3) and § 170(b)(1)(A)(vi), and that this violation undermines both Plaintiff's standing and its legal capacity to sue under Rule 17.

The brief outlines a consistent pattern of abuse across Eisen-affiliated nonprofits, highlighting the use of tax-exempt status to fund partisan lawfare operations. It references

Plaintiff's structural and personnel overlap with CREW and other Norm Eisen associated nonprofits and their misuse of donor-advised funds to obscure political contributors. The brief also exposes Plaintiff's reliance on manufactured standing to initiate speculative litigation, brought about for an improper purpose and an ulterior motive in violation of FRCP Rule 11.

Amicus also draws the Court's attention to precedent in *USA v. Eric Adams*, where similar tactics were deployed by additional Eisen affiliated nonprofit litigators, and to IRS guidelines making clear that 501(c)(3) entities are absolutely and strictly prohibited from engaging in political campaigns or partisan conduct.

This case presents broader implications for judicial integrity and public confidence in tax-exempt litigation. It also represents a matter of tremendous public interest as it pertains to U.S. President Donald Trump and serious matters of national security. Amicus submits that this perspective may aid the Court in assessing whether Plaintiff's lawsuit is consistent with its legal and tax-exempt obligations.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Amicus respectfully requests that the Court grant leave to file the accompanying brief.

Dated: New York, New York March 27, 2025

Respectfully submitted

Jason Goodman
Pro Se Amicus Curiae Applicant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998