# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br><br>        *Plaintiff*,<br><br>v.<br><br>PETE HEGSETH, in his official capacity as Secretary of Defense,<br><br>TULSI GABBARD, in her official capacity as Director of National Intelligence,<br><br>JOHN L. RATCLIFFE, in his official capacity as Director of the Central Intelligence Agency,<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury<br><br>MARCO A. RUBIO, in his official capacities as Secretary of State and Acting Archivist of the United States,<br><br>and<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>        *Defendants*. | Case No. 1:25-cv-00883-JEB |

**PLAINTIFF AMERICAN OVERSIGHT'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL DECLARATIONS (ECF NO. 15)**

Pursuant to the Minute Order entered on April 10, 2025, Plaintiff American Oversight respectfully submits this response to Defendants' Supplemental Declarations, ECF Nos. 15-1–15-4.

**PLAINTIFF'S RESPONSE**

Central Intelligence Agency ("CIA") Director Ratcliffe failed to comply with the Court's order to "promptly make best efforts to preserve all Signal communications from March 11–15, 2025." Min. Order, Mar. 27, 2025. Because of this failure, Signal communications may have been lost. American Oversight respectfully requests that the Court find that Defendant Ratcliffe failed to comply with the March 27 order.

At this time, American Oversight does not intend to seek further declarations from other Defendants as to their compliance with the Court's March 27 order, although representations in the CIA's supplemental declaration and omissions in the other supplemental declarations raise serious questions as to whether substantive messages were preserved.

**BACKGROUND**

***Defendant Ratcliffe Failed to Comply with the Court's March 27, 2025 Order.***

The representations in the April 11, 2025 Supplemental Declaration of Hurley V. Blankenship made on behalf of the CIA Director show that Defendant Ratcliffe failed to comply with the Court's order to "promptly make best efforts to preserve all Signal communications from March 11–15, 2025." Min. Order, Mar. 27, 2025.

First, Defendant Ratcliffe's efforts were not "prompt." The Supplemental Blankenship Declaration states that preservation efforts occurred on the latest possible day—March 31, 2025—four days after the Court issued its temporary restraining order ("TRO") and on the deadline by which the Court ordered Defendants to report on their preservation efforts. Min. Order, Mar. 27, 2025 ("By March 31, 2025, Defendants shall file a Status Report with declarations setting forth the steps that they have taken to implement such preservation."); Suppl. Blankenship Decl. ¶ 4, ECF No. 15-3. Delaying preservation efforts until the reporting deadline is the direct opposite

2

of acting promptly—in other words, "[q]uickly," "without delay," or "[a]s soon as practicable"—as the Court ordered. *See Promptly*, BLACK'S LAW DICTIONARY (12th ed. 2025) ("1. Quickly; without delay. 2. As soon as practicable."); Min. Order, Mar. 27, 2025.

Second, the CIA Director's efforts were not his "best efforts." In addition to delay, the Supplemental Blankenship Declaration affirmed American Oversight's suspicion that the "residual administrative content" retrieved from Director Ratcliffe's personal Signal account on March 31 consists of a "screenshot [that] does not include substantive messages from the Signal chat. . . ." Suppl. Blankenship Decl. ¶ 4, ECF No. 15-3; *see also* Compl. ¶ 28, ECF No. 1 (defining "the Signal chat"). Instead, the preserved screenshot merely "captures the name of the chat, 'Houthi PC small group', and reflects administrative notifications from 26 March and 28 March relating to changes in participants' administrative settings in this group chat, such as profile names and message settings." Suppl. Blankenship Decl. ¶ 4, ECF No. 15-3. Thus, despite the Court's order that Defendants "preserve all Signal messages from March 11–15, 2025," Minute Order, Mar. 27, 2025, Defendant Ratcliffe failed to preserve *even one* Signal message from March 11–15, 2025. Defendant Ratcliffe's failure to preserve any Signal messages is particularly concerning in light of the CIA's previous representation that "a litigation hold notice" was issued, directing "relevant offices and officers to preserve documents and information pertaining to this matter." Blankenship Decl. ¶ 4, Mar. 31, 2025, ECF No. 10-3.

The timeline of events illustrates the gravity of these preservation failures:

<u>March 24</u>: Excerpts of the Signal chat appear in *The Atlantic*.[1]

<u>March 25</u>: American Oversight files this action. On the same day, Defendant Ratcliffe testifies before the Senate Select Committee on Intelligence regarding his use of Signal.[2]

<u>March 26</u>: American Oversight files a motion for temporary restraining order. ECF No. 6. The same day, changes occur in the Signal chat "participants' administrative settings . . . such as profile names and message settings." Suppl. Blankenship Decl. ¶ 4, ECF No. 15-3. Also on the same day, *The Atlantic* publishes further excerpts from the Signal chat.[3]

<u>March 27</u>: This Court orders Defendants to "promptly make best efforts to preserve all Signal communications from March 11–15, 2025." Min. Order, Mar. 27, 2025. The same day, the CIA's Office of General Counsel reportedly issued a litigation hold notice. Blankenship Decl. ¶ 4, ECF No. 10-3.

<u>March 28</u>: Changes occur again in the Signal chat participants' profile names and message settings. Suppl. Blankenship Decl. ¶ 4, ECF No. 15-3.

<u>March 31</u>: Defendant Ratcliffe's Signal account is "reviewed" for the first time and found to contain no substantive messages from the Signal chat. Suppl. Blankenship Decl. ¶ 4, ECF No. 15-3.

Defendant Ratcliffe's lack of effort in retrieving any substantive messages from the Signal chat is highlighted by his declarant's troubling representation that one or more unidentified individual(s) twice tampered with the Signal chat's "administrative settings . . . such as profile names and message settings" one day after American Oversight filed its lawsuit *and then*, one day after the Court issued its TRO. *See* Suppl. Blankenship Decl. ¶ 4, ECF No. 15-3.

---

[1] *See* Jeffrey Goldberg, *The Trump Administration Accidentally Texted Me Its War Plans*, The Atlantic (Mar. 24, 2025), https://www.theatlantic.com/politics/archive/2025/03/trump-administration-accidentally-texted-me-its-war-plans/682151/.

[2] Sen. Select Comm. on Intel. Hr'g to Examine Worldwide Threats Tr., Mar. 25, 2025, *available at* https://www.dia.mil/Portals/110/Images/News/DIA%20in%20the%20News/Committee_Hearing_2025.pdf.

[3] *See* Jeffrey Goldberg & Shane Harris, *Here Are the Attack Plans that Trump's Advisers Shared on Signal*, The Atlantic (March 26, 2025), https://www.theatlantic.com/politics/archive/2025/03/signal-group-chat-attack-plans-hegseth-goldberg/682176.

The fact that Defendant Ratcliffe—and, presumably, other Defendants—witnessed someone change the Signal chat's administrative settings while the TRO was in full force and effect not only shows the lack of "best efforts" to comply with the Court's order but suggests that Defendants stood by while evidence and records subject to the TRO were modified or, worse, deleted. Defendant Ratcliffe's failure to preserve any messages is also concerning in light of screenshots in the March 24 *Atlantic* article showing that the chat had been set to a four-week expiration window on or about March 15, meaning that absent someone taking affirmative steps to delete them from his device, messages from that point forward should have still been extant as of March 31. *See* Compl. ¶ 38, ECF No. 1. Thus, Defendant Ratcliffe failed to comply with the Court's order to "promptly make best efforts" to preserve the Signal chat, and he may even have witnessed spoliation of evidence. And because of his failure to comply with the Court's order, messages may have been lost.

***At this Time, American Oversight Does Not Seek Further Declarations from Remaining Defendants as to Compliance with the Court's Temporary Restraining Order Despite their Deficiencies.***

Based on the supplemental sworn representations made on behalf of Secretary of Defense Hegseth, ECF No. 15-1 ("Supplemental DoD Declaration"), Director of National Intelligence Gabbard, ECF No. 15-2 ("Supplemental ONDI Declaration"), and Secretary of State Rubio, ECF No. 15-4 ("Supplemental State Declaration"), American Oversight does not at this time seek further declarations on the specific question of those Defendants' compliance with the Court's March 27, 2025 and April 10, 2025 Minute Orders.

Nonetheless, the Supplemental DoD, ODNI, and State Declarations raise additional concerns about the existence of substantive messages from the Signal chat, particularly in light of the Supplemental Blankenship Declaration's revelation that administrative changes were made to

the Signal chat after the TRO was in effect. For example, rather than specifying which messages were preserved, the Supplemental DoD Declaration vaguely references the preservation of "existing Signal application messages," which, as shown by the Supplemental Blankenship Declaration, could be none. Suppl. Bennett Decl. ¶ 2, ECF No. 15-1. Similarly, without specifying whether any substantive messages were preserved, the Supplemental State Declaration merely states that "images of the Signal chat"—including "any" images captured from the Secretary's devices—have been preserved. *See* Decl. of Timothy J. Kootz ¶ 4, ECF No. 15-4. As with CIA, those "images of the Signal chat" may simply be the title of the group chat. The Supplemental State Declaration also suggests that Secretary Rubio accessed the Signal chat from multiple devices. *Id.* More broadly, the evidentiary issues identified in the Supplemental Blankenship Declaration raise substantial questions regarding what these other Defendants actually preserved.

In forthcoming filings, American Oversight will probe the clear deficiencies in Defendants' recordkeeping practices evidenced by these standout omissions of whether and what substantive messages from the Signal chat still exist, as well as when and how any such messages were lost.

## CONCLUSION

Based on the foregoing, American Oversight respectfully requests that the Court find that Defendant Ratcliffe failed to comply with the terms of the Court's March 27, 2025 temporary restraining order and provide such further relief that the Court deems appropriate.

Dated: April 16, 2025

Respectfully submitted,

*/s/ Benjamin A. Sparks*
Benjamin A. Sparks
D.C. Bar No. 90020649
Katherine M. Anthony
D.C. Bar No. 1630524
Ronald A. Fein
D.C. Bar No. 90026641

                    AMERICAN OVERSIGHT
                    1030 15th Street NW, B255
                    Washington, DC 20005
                    (202) 873-1741
                    ben.sparks@americanoversight.org
                    ron.fein@americanoversight.org
                    katherine.anthony@americanoversight.org
                    *Counsel for Plaintiff*