IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
----------------------------------------------------------------------X
AMERICAN OVERSIGHT,

Plaintiff,

-against-

PETE HEGSETH, et al.,
Defendants.
----------------------------------------------------------------------X

Case No. 1:25-cv-00883

**MOTION TO
DECLARE
FORFEITURE OF
JUDICIAL
AUTHORITY UNDER
ARTICLE III,
SECTION 1**

Jason Goodman, proposed Amicus Curiae and Constitutionally Empowered Pro Se
Litigant, respectfully moves this Court for an order declaring that Chief Judge James E.
Boasberg has forfeited his judicial authority under Article III, Section 1 of the United States
Constitution due to sustained and disqualifying bad behavior.

This motion relies on the accompanying memorandum of law, exhibits, and previously
submitted materials demonstrating procedural suppression, extrajudicial interference, and
improper coordination incompatible with "good Behaviour" required for Article III tenure.

This motion is not filed pursuant to the Federal Rules of Civil Procedure, but under the
self-executing constitutional principles embedded in Article III, and is necessary to preserve the
integrity of proceedings before this Court and protect the constitutional rights of all parties and
citizens. A proposed order is submitted herewith.

Dated: New York, New York May 5, 2025

Respectfully submitted

Jason Goodman
Pro Se Amicus Applicant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

RECEIVED
Mail Room

MAY - 9 2025

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:25-cv-00883

-------------------------------------------------------------------X

AMERICAN OVERSIGHT,

Plaintiff,

-against-

PETE HEGSETH, et al.,
Defendants.

-------------------------------------------------------------------X

**DECLARATION OF
JASON GOODMAN**

RECEIVED

MAY - 9 2025

I, Jason Goodman, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the proposed Amicus Curiae and Constitutionally Empowered Pro Se Litigant in the above-captioned matter. I submit this declaration in support of the Motion to Declare Forfeiture of Judicial Authority Under Article III, Section 1.

2. On or about March 27, 2025, I personally hand-delivered to the Clerk's Office at the U.S. District Court for the District of Columbia a motion seeking leave to file an amicus brief, along with the proposed brief. A clerk stamped the submission as "RECEIVED" and returned a stamped copy to me.

3. After noticing that the documents were not appearing on the public docket, I contacted the Clerk's Office by phone to inquire about the status. During this call, a court clerk, unprompted, informed me that the judge had instructed the office not to docket my filing.

4. On April 9, 2025, the Court granted a Rule 59(e) motion I had submitted, but the associated motion for leave and proposed amicus brief remained absent from the docket through and beyond the April 10, 2025 status conference.

DECLARATION OF JASON GOODMAN

1

5.  I compelled docketing of the proposed brief on April 14, 2025. A public version of my investigative report concerning alleged financial misconduct by Senator Adam Schiff was released shortly thereafter, on April 19, 2025.

6.  On April 21, 2025, Senator Schiff issued a press release calling for a federal investigation into matters closely related to the subject of this litigation. Based on timing and context, I believe this sequence of events reflects retaliatory coordination between legislative and judicial actors.

7.  The facts stated herein are based on my direct personal knowledge.


Executed on this 5th day of May, 2025

Jason Goodman
Pro Se Amicus Applicant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

DECLARATION OF JASON GOODMAN                                                    2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT,

Plaintiff,

-against-

PETE HEGSETH, et al.,

Defendants.



Case No. 1:25-cv-00883

MEOMORANDUM IN SUPPORT OF MOTION TO DECLARE FORFEITURE OF JUDICIAL
AUTHORITY
UNDER ARTICLE III, SECTION 1 DUE TO BAD BEHAVIOR

Jason Goodman
Pro Se Amicus Applicant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6S
New York, NY 10001
347-380-6998

**TABLE OF CONTENTS**

Page

I.    Factual Basis for Forfeiture ...................................................................................3

    A.   Suppression of Constitutionally Protected Filings ........................................3

    B.   Direct Evidence of Procedural Obstruction....................................................4

    C.   Improper Political Influence and Retaliatory Coordination ...........................5

II.   Argument....................................................................................................................6

    1.   Constitutional Tenure Is Conditioned on Good Behaviour ...........................6

    2.   Violating the Judicial Oath Amplifies Forfeiture..........................................6

    3.   No Impeachment Is Necessary to Recognize Forfeiture ...............................6

    4.   The Superman Analogy and Legal Doctrine.................................................7

III.  DEMAND FOR RELIEF ..........................................................................................8

IV.   Conclusion ................................................................................................................9

i

## TABLE OF AUTHORITIES

*Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983)........................................................3

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) ...............................................................2

*Chandler v. Judicial Council*, 398 U.S. 74 (1970)........................................................................6

*Elrod v. Burns,* 427 U.S. 347 (1976)...........................................................................................6

*Ex parte Siebold,* 100 U.S. 371 (1880) ........................................................................................6

*Freytag v. Commissioner,* 501 U.S. 868 (1991) ...........................................................................6

*Marbury v. Madison*, 5 U.S. 137 (1803)......................................................................................6

*Mathews v. Eldridge*, 424 U.S. 319 (1976)..................................................................................3

*Pulliam v. Allen*, 466 U.S. 522 (1984) .........................................................................................6

*United States v. Will*, 449 U.S. 200 (1980) ..................................................................................2

*The Federalist No. 78* (Hamilton) ...............................................................................................2

STATUTES

U.S. Const. art. III, § 1 ...................................................................................................1, 2, 6

28 U.S.C. § 453 ...................................................................................................................6

28 U.S.C. § 455 ...................................................................................................................1

28 U.S.C. §§ 351, 354 .........................................................................................................9

**Other Authorities**

The Federalist No. 78 (Hamilton) ............................................................... 2, 6, passim

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------------------X
                    AMERICAN OVERSIGHT,

                         Plaintiff,

-against-

                    PETE HEGSETH, et al.,
                        Defendants.
-------------------------------------------------------------------X

Case No. 1:25-cv-00883

**MEMORANDUM IN SUPPORT OF MOTION TO DECLARE FORFEITURE OF JUDICIAL AUTHORITY UNDER ARTICLE III, SECTION 1**

## I.    INTRODUCTION

Jason Goodman, proposed Amicus Curiae and Constitutionally Empowered Pro Se Litigant, brings this motion pursuant to the United States Constitution and the inherent First Amendment right to petition the courts. When constitutional violations occur—especially where the authority of a presiding judge is in question under the 'good Behaviour' clause of Article III, ordinary procedural rules must yield to direct constitutional invocation. Goodman respectfully moves this Court, under the very same supreme authority that grants its judicial power, to recognize that Judge James E. Boasberg has summarily forfeited his authority under Article III, Section 1, and may no longer preside in this or any other case in any United States District Court for failure to meet Article III constitutional requirements.

This motion does not arise from any procedural mechanism within the Federal Rules of Civil Procedure; it derives instead from the explicit text of the Constitution itself. Goodman therefore submits this motion not as a petition for discretionary relief, but as a constitutional imperative.[1] This motion does not seek recusal under 28 U.S.C. § 455, nor removal pursuant to 28 U.S.C. § 144. This motion does not invoke or require congressional impeachment as separately described

---

[1] *Pulliam v. Allen*, 466 U.S. 522, 541 (1984) (judicial immunity does not bar prospective injunctive or declaratory relief against a judge acting unconstitutionally).

in Article II.  Rather, it is grounded in the self-executing constitutional standard that judges hold office only so long as they engage in "good Behaviour."

## I.    STANDING

Movant respectfully asserts standing to bring this challenge pursuant to Article III of the United States Constitution. The doctrine of standing requires:

    (1) an injury in fact that is concrete and particularized;

    (2) a causal connection between the injury and the conduct complained of; and

    (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Here, movant satisfies each element. First, the injury in fact is Judge Boasberg's documented unconstitutional suppression of speech and denial of access to the courts resulting from refusal to docket and consider movant Goodman's properly submitted amicus brief, which was hand-delivered and receipt-stamped by the court's own intake personnel. This rejection defied all known procedural rules and constituted a viewpoint-based restriction on protected expressive conduct, resulting in reputational harm, silencing of advocacy, and obstruction of the right to petition the government for redress of grievances.  It is well established that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Furthermore, the mere threat or possibility of enforcement, retaliation, or suppression of speech may confer standing in First Amendment contexts. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–61 (2014) ("A credible threat of enforcement is sufficient to establish injury in fact under Article III."). Similarly, in *Meese v. Keene*, 481 U.S. 465 (1987), the Court held that reputational harm and the chilling of political speech, even without prosecution, were sufficient to establish standing.  Second, the injury is

directly traceable to Judge Boasberg's refusal to enter the submitted filing, which caused the expressive injury.

Third, redressability is demonstrated by the Court's own actions: the Rule 59(e) reversal and eventual docketing of the brief confirm the prior suppression was unlawful and remediable. That delayed correction does not erase the constitutional violation; rather, it proves that harm occurred, and that judicial misconduct obstructed protected rights until pressed. This proves a specific, individualized harm to a constitutionally protected activity, arising from judicial misconduct and confirmed by judicial reversal. Accordingly, Movant has standing, and this Court must reach the constitutional merits rather than evade them on procedural grounds.

## II.    JURISDICTION

This Court has subject matter jurisdiction over this constitutional challenge pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Movant's claims arise under the First Amendment to the United States Constitution, and specifically challenge viewpoint-based suppression of speech and denial of access to the courts by a federal judge acting under color of law. To the extent this Court deems the relief sought to be in the nature of a writ of mandamus, jurisdiction is further proper under 28 U.S.C. § 1361, which authorizes district courts to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal judges, though members of the judicial branch, are nonetheless "officers of the United States" subject to the limitations of the Constitution, including those imposed by the First Amendment. While judicial officers enjoy immunity from damages for acts performed in their judicial capacity, immunity does not extend to equitable or declaratory relief, nor does it extinguish jurisdiction over constitutional violations. See *Pulliam*

*v. Allen*, 466 U.S. 522, 541–42 (1984) (holding that judicial immunity does not bar prospective injunctive relief against a judicial officer for constitutional violations). Although Congress later modified Pulliam via the Federal Courts Improvement Act of 1996 (FCIA), that statute still permits declaratory relief and allows injunctive relief against judges when a declaratory judgment has been violated or inadequate. See 42 U.S.C. § 1983, as amended. Movant seeks prospective and corrective relief to redress constitutional injuries, not retrospective monetary damages. Therefore, this Court retains full jurisdiction to hear the matter and grant appropriate remedies within its equitable and supervisory authority.

### III.    LEGAL FRAMEWORK

Article III, Section 1 provides: "The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour." Unlike "life tenure," which does not appear in the Constitution, "good Behaviour" is a specific condition for judicial tenure. The Federalist No. 78 (Hamilton) makes clear that tenure depends upon continuing fidelity to the law, not permanence. As further elaborated in The Federalist No. 79, the good behavior standard was specifically designed as a safeguard to protect judicial independence while providing a check against misconduct or incapacity. When a judge knowingly violates the constitutional rights of litigants, particularly the rights to petition the court and to receive due process, he fails under the constitutional meaning of "good Behaviour" and may no longer lawfully exercise the powers of the office.

As the Supreme Court stated in *United States v. Will*, 449 U.S. 200, 217 (1980): "Good behavior tenure means a life term unless the judge is impeached or otherwise removed for misconduct." This modern doctrine—shaped by self-serving and unconstitutional precedents created by the judiciary itself—obscures a critical constitutional truth: when misconduct so

MEMORANDUM IN SUPPORT OF MOTION TO DECLARE FORFEITURE OF    4
JUDICIAL AUTHORITY UNDER ARTICLE III, SECTION 1

fundamentally compromises judicial legitimacy, removal by another branch is not required.

Rather, judicial power ceases to exist the moment constitutional boundaries are breached.

Forfeiture is not theoretical. It is automatic, intrinsic, and self-executing under Article III.

In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), the Supreme Court affirmed that even

the appearance of bias can compromise the guarantee of due process. Here, evidence of bias,

concealment, and deliberate suppression exceeds that threshold by orders of magnitude.

## IV.    FACTUAL BASIS FOR FORFEITURE

Goodman presents detailed and documented evidence of Judge Boasberg's conduct that rises

to the level of bad behavior under Article III, organized under three principal categories:

1. **Suppression of Constitutionally Protected Filings**

   a. Suppression or undue delay of filings asserting constitutional claims, as
      confirmed by the Court's later grant of a Rule 59(e) motion following its initial
      denial of an amicus application—resulting in constructive denial of the First
      Amendment right to petition the court[2].

   b. Selective docket management that evidences bias or obstruction, impairing due
      process under the Fifth Amendment (*Mathews v. Eldridge*, 424 U.S. 319 (1976)).

2. **Direct Evidence of Procedural Obstruction**

   a. A documented pattern of shielding fabricated or unauthenticated evidence in this
      very matter (*American Oversight v. Hegseth et al*), while refusing to docket
      validly submitted evidence or motions from Goodman, a non-party whose rights
      are nonetheless affected.

---

[2] *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983) (recognizing that the right to petition includes access to courts, even in nontraditional contexts such as labor disputes).

MEMORANDUM IN SUPPORT OF MOTION TO DECLARE FORFEITURE OF    5
JUDICIAL AUTHORITY UNDER ARTICLE III, SECTION 1

On April 4, 2025, Goodman called the D.C. District Court Clerk's Office to inquire about the status of his motion. During this call, a clerk stated without prompting that the filing was sent to chambers and Judge Boasberg had explicitly instructed them not to docket the motion, despite it having already been hand-delivered and time-stamped as 'RECEIVED.' **(EXHIBIT A)**

The suppression of a physically received and validated motion, followed by its unilateral voiding without public docket entry, bypassed standard procedures under the Federal Rules of Civil Procedure in favor of a secretive, extrajudicial 'black box' process instituted by judicial fiat. This approach mirrors the improperly held notion of 'lifetime tenure'—a concept that appears nowhere in the Constitution and directly contradicts its express condition of 'good Behaviour.'[3]" This unlawful, concealed mechanism for intercepting and discarding constitutionally grounded filings, especially in such a politically charged action as *American Oversight v. Hegseth et al* is incompatible with Article III's good behavior requirement.

### 3. Improper Political Influence and Retaliatory Coordination

   a. Judge Boasberg granted Goodman's Rule 59(e) motion on April 9, 2025, but suppressed entry of the associated motion for leave and proposed brief past a crucial April 10 status conference. This action bears the stench of a deception meant to maintain the public appearance of due process while secretly obstructing it for an ulterior purpose.

The tight timeline of subsequent events points to likely retaliatory coordination between powerful actors in the legislative and judicial branches, specifically Chief Judge Boasberg and Senator Adam Schiff. On April 14, 2025, Goodman was required to call the Clerk's Office again

---

[3] See The Federalist No. 79 (Alexander Hamilton), emphasizing that judicial tenure is explicitly conditioned upon continuing good behavior, not guaranteed for life as a matter of right.

MEMORANDUM IN SUPPORT OF MOTION TO DECLARE FORFEITURE OF    6
JUDICIAL AUTHORITY UNDER ARTICLE III, SECTION 1

to compel them to follow the law and Judge Boasberg' order to docket Goodman's previously suppressed amicus brief. [4]

Five days later, on April 19, Goodman published a widely viewed investigative report detailing mortgage and election fraud allegedly committed by Senator Adam Schiff. Two days after that, on April 21, Schiff issued a press release on his official website calling on the National Archives to launch a federal investigation—an action overlapping directly with the subject matter of this case and positioned coincidentally to cure one of the fatal defects identified in Goodman's Amicus Brief. See [https://www.schiff.senate.gov/news/press-releases/news-after-latest-hegseth-scandal-sen-schiff-urges-national-archives-to-open-investigation-into-use-of-non-governmental-apps-and-inclusion-of-private-citizens-on-sensitive-national-security-co/.]

This three-part sequence, Goodman's need to enforce court compliance, followed by his public exposure of the powerful senator, and then the near instant federal response, presents a compelling inference of coordinated retaliation. The alignment of powerful figures in both the legislative and judicial branches—against Goodman's First Amendment rights—demands recognition as a disqualifying breach of constitutional judicial standards.

## V.    ARGUMENT

### 1.   Constitutional Tenure Is Conditioned on Good Behaviour

The phrase "during good Behaviour" is not ornamental, it limits judicial power by text and principle. Judicial authority flows exclusively from compliance with this condition. When that compliance ceases, so too does the authority. As the Supreme Court recognized in Ex parte Siebold, 100 U.S. 371, 398 (1880), an officer's authority derives from the Constitution, and acts

---

[4] Docket Text: MINUTE ORDER: The Court ORDERS that: 1) Proposed Amicus's [13] Motion to Alter Judgment is GRANTED; and 2) His [11] Motion Seeking Leave to File shall be DOCKETED. So ORDERED by Chief Judge James E. Boasberg on April 9, 2025. (lcjeb3)

MEMORANDUM IN SUPPORT OF MOTION TO DECLARE FORFEITURE OF JUDICIAL AUTHORITY UNDER ARTICLE III, SECTION 1

exceeding that authority are null and void. Likewise, a judge who violates the constitutional condition of "good Behaviour" forfeits the lawful power to act, as Article III demands fidelity to its text. The Federalist No. 78 (Hamilton) affirms that tenure depends upon continuing fidelity to the law—not permanence.[5]

### 2. Violating the Judicial Oath Amplifies Forfeiture

The judicial oath under 28 U.S.C. § 453 binds judges to uphold the Constitution. Systemic violations—especially those suppressing access to petition or due process—are not merely breaches of duty but confirm the constitutional basis for forfeiture. As reaffirmed in In re Murchison, 349 U.S. 133, 136 (1955), 'a fair trial in a fair tribunal is a basic requirement of due process.' When judicial actions undermine this foundation, the authority underpinning them must be deemed constitutionally void.

### 3. No Impeachment Is Necessary to Recognize Forfeiture

This motion does not request that the Court remove Judge Boasberg—it asserts that he has removed himself by ceasing to meet the condition under which judicial power is constitutionally granted. Just as a contract may be voided for breach, constitutional tenure ceases upon violation of its preconditions. While *United States v. Will,* 449 U.S. 200 (1980), acknowledges impeachment as one avenue of removal, *Marbury v. Madison*, 5 U.S. 137 (1803), compels courts to enforce constitutional boundaries. Where the condition of "good Behaviour" is violated, forfeiture is not a political remedy, but a jurisdictional necessity. This is not impeachment; it is constitutional self-execution. As the Supreme Court made clear in *Nixon v. United States*, 506 U.S. 224 (1993), the judiciary cannot sit in judgment of how another branch

---

[5] See also *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 140 (1970) (Douglas, J., dissenting) ("When a judge violates [the good Behaviour] standard, he forfeits his right to hold office under Article III.").

enforces impeachment—nor can it abdicate its own constitutional responsibilities in the hope that another branch will act.

The judiciary must recognize when its own constitutional authority has been forfeited. As Chief Justice Marshall famously wrote, 'It is emphatically the province and duty of the judicial department to say what the law is.'[6]" When the law is the Constitution itself, courts may not decline to apply it—even against themselves. The violation of Article III's "good Behaviour" clause constitutes a jurisdictional defect. A judge who no longer satisfies the constitutional condition of office lacks lawful authority ab initio, and any orders issued thereafter are void.

### 4. The Superman Analogy and Legal Doctrine: Kryptonite to Judicial Power

Just as kryptonite nullifies Superman's abilities, Judge Boasberg cannot resist the effects of bad behavior on his judicial authority. The metaphor is apt: once constitutional misconduct occurs, power is removed not through any external process, but by intrinsic incompatibility. This is reinforced by the legal principle of void ab initio, which holds that actions taken without proper authority are null from the outset. See *Freytag v. Commissioner*, 501 U.S. 868, 879 (1991). This applies with equal, if not greater, force to judges who operate in violation of their constitutional conditions of tenure. A judge who violates the very conditions under which judicial authority is granted is not merely compromised—he is constitutionally incapacitated and no longer cloaked in Article III power but is a private citizen acting without legal authority.

Forfeiture of judicial authority under Article III is not limited to the specific matter in which the misconduct arises. Once the constitutional condition of "good Behaviour" is breached, the individual forfeits all judicial authority. He ceases to be a lawful judge—not just in this case, but in every case—until such authority is lawfully restored through reappointment or some other

---

[6] *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803).

MEMORANDUM IN SUPPORT OF MOTION TO DECLARE FORFEITURE OF          9
JUDICIAL AUTHORITY UNDER ARTICLE III, SECTION 1

constitutional process. Every order or action taken thereafter is a legal nullity. He must leave the

case, leave the bench, and leave the courthouse without delay.

**VI.    RELIEF DEMANDED**

Accordingly, Goodman respectfully insists that—by the authority of the United States

Constitution, not his own—this Court shall:

1.  Declare that Judge James E. Boasberg, by engaging in bad behavior as defined
    under Article III, Section 1, has forfeited his judicial authority absolutely;

2.  Order that Judge Boasberg is no longer qualified to preside over *American
    Oversight v. Hegseth* et al or any matter in any United States District Court;

3.  Stay proceedings in this matter until a constitutionally qualified judge is assigned.

**VII.    CONCLUSION**

WHEREFORE, the United States Constitution, not tradition or judicial custom, governs the

authority of federal judges. When a judge violates the most sacred rights of the people—speech,

petition, due process—he ceases to act under the color of lawful authority and becomes a

trespasser of law, rendering all future orders and rulings legal nullities. This Court must either

declare the judicial authority of James E. Boasberg to be forfeited or otherwise admit that the

Constitution is wholly ignored as law and completely unenforceable within its own halls.[7]

Dated: New York, New York May 5, 2025

Respectfully submitted

Jason Goodman
Pro Se Amicus Applicant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

---

[7] *United States v. Nixon*, 418 U.S. 683, 703 (1974) ("no person, not even the President of the United States, is
completely above the law.")

(EXHIBIT A)

Leave to file DENIED

4/1/2025

*James E. Boasberg*
*Cihief Judge*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:25-cv-00883

--------------------------------------------------------------X

AMERICAN OVERSIGHT,

Plaintiff,

-against-

PETE HEGSETH, et al.,
Defendants.

--------------------------------------------------------------X

**MOTION SEEKING
LEAVE TO FILE
BRIEF OF AMICUS
CURIAE IN
OPPOSITION TO
PLAINTIFF'S CLAIM
OF STANDING**

Pursuant to Local Civil Rule 7(o) and the inherent authority of this Court, Jason

Goodman respectfully moves for leave to file the accompanying amicus curiae brief in the

above-captioned matter.

## I.    IDENTITY AND INTEREST OF AMICUS

The Proposed Amicus is a U.S. citizen, a journalist, and a documentary filmmaker with

extensive experience investigating politically motivated misuse of nonprofit law. Amicus has

closely examined the activities of Norm Eisen, founder of Citizens for Responsibility and Ethics

in Washington (CREW), and the affiliated network of 501(c)(3) entities working in coordination

with American Oversight, the Plaintiff in this legal action. This rogue network has consistently

misused nonprofit litigation to pursue partisan political objectives under the guise of ethics

enforcement and in violation of Internal Revenue Service Code and other state and federal laws.

## II.    GROUNDS FOR LEAVE

The proposed brief offers a perspective not otherwise presented to the Court: that Plaintiff's

conduct violates core requirements of § 501(c)(3) and § 170(b)(1)(A)(vi), and that this violation

undermines both Plaintiff's standing and its legal capacity to sue under Rule 17.

The brief outlines a consistent pattern of abuse across Eisen-affiliated nonprofits,

highlighting the use of tax-exempt status to fund partisan lawfare operations. It references

MOTION SEEKING LEAVE TO FILE BRIEF OF AMICUS CURIAE IN OPPOSITION TO    1
PLAINTIFF'S CLAIM OF STANDING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:25-cv-00883

-------------------------------------------------------------------X

**[PROPOSED] ORDER**

AMERICAN OVERSIGHT,

Plaintiff,

-against-

PETE HEGSETH, et al.,
Defendants.

-------------------------------------------------------------------X

Upon consideration of the motion submitted by Jason Goodman, Constitutionally

Empowered Pro Se Litigant and proposed Amicus Curiae, seeking a declaration that Chief Judge

James E. Boasberg has forfeited his judicial authority under Article III, Section 1 of the United

States Constitution, it is hereby:

ORDERED that the motion is GRANTED;

FURTHER ORDERED that Chief Judge James E. Boasberg is disqualified from further

presiding over this case or any other matter in any United States District Court;

FURTHER ORDERED that all orders and actions taken by Judge Boasberg in this matter

after the date of constitutional forfeiture are declared void ab initio;

FURTHER ORDERED that this matter shall be reassigned to a constitutionally qualified

judicial officer without delay;

FURTHER ORDERED that all proceedings in this case are hereby STAYED pending

reassignment and further order of the Court..

Dated: _____    _____

JAMES E. BOASBERG

UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No. 1:25-cv-00883 *JEB*

-----------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

AMERICAN OVERSIGHT,

Plaintiff,

-against-

PETE HEGSETH, et al.,
Defendants.

-----------------------------------------------------------------X

I hereby certify that on May 5, 2025, I served true and correct copies of the following

documents by electronic mail (with PDFs attached):

- Motion to Declare Forfeiture of Judicial Authority Under Article III, Section 1

- Memorandum of Law in Support

- Declaration of Jason Goodman

- Proposed Order

- Exhibit A

upon the following parties:

amber.richer@usdoj.gov, emma.lewis@americanoversight.org,

ben.sparks@americanoversight.org, ron.fein@americanoversight.org,

katherine.anthony@americanoversight.org

Dated: New York, New York May 5, 2025

Respectfully submitted

Jason Goodman
Pro Se Amicus Applicant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

CERTIFICATE OF SERVICE                                                                 1