| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA<br>----------------------------------------------------------------X<br>AMERICAN OVERSIGHT,<br><br>Plaintiff,<br>-against-<br><br>PETE HEGSETH, et al.,<br>Defendants.<br>----------------------------------------------------------------X | Case No. 1:25-cv-00883<br><br>**NOTICE AND MOTION TO COMPEL FORFEITURE AND FOR CORRECTION OF DOCKET RECORD** |

Jason Goodman, Pro Se litigant asserting constitutional authority files this NOTICE and MOTION TO COMPEL FORFEITURE AND CORRECTION OF DOCKET RECORD. This is not a request for leave, nor a petition for discretionary relief. The forfeiture of judicial authority in this matter has already occurred by operation of law. The Court is now under a constitutional obligation to recognize this forfeiture, correct the record, and remove itself from this case.

### I. FROM THE OUTSET, THE COURT HAS ATTEMPTED TO DENY CONSTITUTIONALLY ENSHRINED FACTS

*Ex parte Siebold,* 100 U.S. 371 (1880), affirms that officers acting outside constitutional bounds lose all lawful authority. Similarly, *Chandler v. Judicial Council*, 398 U.S. 74, 140 (1970) (Douglas, J., dissenting), makes clear that when a judge violates the 'good Behaviour' requirement, he forfeits the right to hold office under Article III.

The time for such evasion has ended. The Court has no judicial discretion in this matter. There is no authority to grant or deny leave for a constitutional reality that has already taken effect. The Court must now vacate this case and reassign it to an impartial jurist without delay. Continued obstruction through ongoing misconduct only provides further evidence that the revelations in Goodman's initial filings are valid, urgent, and dictate the next steps forward.

NOTICE AND MOTION TO COMPEL FORFEITURE AND FOR CORRECTION OF DOCKET RECORD     1

RECEIVED
MAY 20 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## II. THE COURT HAS ATTEMPTED TO FORCE A CONSTITUTIONAL SQUARE PEG INTO AN EXTRAJUDICIAL ROUND HOLE

The Court has now repeatedly attempted to wrongfully blunt Goodman's constitutional motions through an entirely fabricated extrajudicial construction. These unlawful attempts to reframe the filing must now cease. Judge Boasberg must face the reality of his own misconduct and his repeated failures to adhere to Article III's good behavior requirement. Additional attempts at fabricating these various now failed defenses only further prove Goodman's initial point. There is no longer a decision to be made. The die is cast. The judge has no choice, he must leave this case — and permanently leave the federal judiciary — for repeated and egregious failure to uphold the Constitution's most basic obligations that grant him the authority he now artificially attempts to wield.

## III. THIS IS NOT A MOTION SEEKING LEAVE FOR DISCRETIONARY RELIEF

The prior filing now entered at (Dkt. 26) was not, and has never been, a motion requesting leave to file. It was a constitutional NOTICE and a self-executing declaration brought directly under Article III, Section 1 of the United States Constitution by a legitimately pending amicus curiae asserting that judicial authority has already been forfeited due to actions taken in the absence of jurisdiction and in violation of due process. It did not rely on any procedural mechanism under the Federal Rules of Civil Procedure and explicitly disclaimed reliance on Rule 60(b)(4) or any other rule within the Fed R. Civ. P. that would otherwise presume judicial discretion giving way to mandatory forfeiture. Any attempt to recharacterize that motion as one seeking leave is a falsification of the record and an additional violation of Goodman's First Amendment right to petition the government for redress of grievances—particularly here where

that grievance involves ongoing misconduct. These self-evident constitutional facts can no longer be denied. Immediate forfeiture can no longer be delayed.

## IV.     THE COURT CANNOT SIT IN JUDGMENT OF ITS OWN FORFEITURE

In *Marbury v. Madison,* 5 U.S. (1 Cranch) 137 (1803), the Supreme Court affirmed that it is the judiciary's duty to enforce constitutional limits. That duty applies even when the Court must act against its own members. *United States v. Throckmorton*, 98 U.S. 61 (1878), holds that fraud invalidates all it touches — and a judge acting outside lawful authority renders each subsequent act void.

It should not require repeated filings by a pro se, non-attorney with no formal legal training, to remind the chief judge of the Washington D.C. district court that when a plaintiff has disqualified themselves through statutory abuse, such as misuse of nonprofit law or selection of a statute that provides no private right of action, the case cannot proceed. Here, the vexatious plaintiff's disqualification is confirmed under Rule 17(b)(2) of the Federal Rules of Civil Procedure, which makes clear that a plaintiff must have capacity to sue under the law of the state where its corporate authority was formed. A nonprofit that is abusing its corporate charter and IRS Code or engaging in ultra vires, partisan political activity as American Oversight is in violation of clear restrictions and nonprofit law lacks such capacity. This is not merely a technical defect — it is fatal. The plaintiff lacks standing, capacity, and the legal right to be before this Court and the Court should have acknowledged that fact at the outset, dismissing this case sua sponte. This is not Goodman's decree. It is a legal and constitutional fact. This case must now end without any further delay.

## V. DOCKETING WITHOUT PROPER CHARACTERIZATION IS AN UNDENIABLE ATTEMPT TO MANIPULATE THE RECORD AND AVOID APPELLATE REVIEW

As reaffirmed in *Public Citizen v. Clerk*, U.S. District Court, 451 F. Supp. 2d 109 (D.D.C. 2006), a clerk's refusal to docket valid filings implicates access to justice and First Amendment rights. Likewise, *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983), recognizes that retaliatory suppression of filings is a violation of protected constitutional expression.

## VI. THIS FILING IS NOT A REQUEST — IT IS A FINAL DEMAND FOR RECORD INTEGRITY AND FORFEITURE ENFORCEMENT

The pro se movant and the law demand immediate correction of the docket to reflect the accurate nature of the filing at Dkt. 26. This Court has no lawful discretion to override or ignore a constitutional notice once filed. Every act of delay, concealment, or falsification from this point forward constitutes further evidence of obstruction and judicial bad behavior that could rise to the level of attempted fraud upon the court.

The Court's own behavior leading up to this filing makes it abundantly clear that the judge understands the gravity of what has been asserted — and is doing everything possible to avoid confronting the inevitable. That ends now.

## VII. RELIEF DEMANDED

*Pulliam v. Allen*, 466 U.S. 522 (1984), makes clear that judicial immunity does not shield judges from injunctive or declaratory relief when acting unconstitutionally. And in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), the Supreme Court emphasized that even the appearance of bias is grounds for recusal under the Due Process Clause.

The pro se movant and the constitution demand the following, not as a request for judicial indulgence, but as enforcement of constitutional rights and operation of law:

i. Immediate correction of the docket entry for Dkt. 26 to reflect the actual title and character of the document;

ii. A formal acknowledgment on the record that the Court has no authority to reclassify or adjudicate constitutional notices asserting forfeiture of jurisdiction;

iii. Immediate recognition of the forfeiture of judicial authority in this case, vacatur of any further judicial acts, and reassignment to a neutral and impartial jurist not implicated in the misconduct;

iv. That any continued failure to comply be deemed willful obstruction of constitutional process, subject to escalation under 28 U.S.C. §§ 351–355 or referral to appropriate oversight authorities.

Dated: New York, New York May 20, 2025

Respectfully submitted

Jason Goodman
Constitutional Pro Se Movant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA<br>-----------------------------------------------------------------------X<br>　　　　　　　　　AMERICAN OVERSIGHT,<br><br>　　　　　　　　　　　　Plaintiff,<br>-against-<br><br>　　　　　　　　　PETE HEGSETH, et al.,<br>　　　　　　　　　　　　Defendants.<br>-----------------------------------------------------------------------X | Case No. 1:25-cv-00883<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on May 17, 2025, I served true and correct copies of the following documents by electronic mail (with PDFs attached):

NOTICE AND MOTION TO COMPEL FORFEITURE AND FOR CORRECTION OF DOCKET RECORD

upon the following parties:

amber.richer@usdoj.gov, emma.lewis@americanoversight.org,

ben.sparks@americanoversight.org, ron.fein@americanoversight.org,

katherine.anthony@americanoversight.org

　　　　　　　　　　　　　　　　　　　　Dated: New York, New York May 20, 2025

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted

　　　　　　　　　　　　　　　　　　　　　　　　Jason Goodman
　　　　　　　　　　　　　　　　　　　　　　　Pro Se Amicus Applicant
　　　　　　　　　　　　　　　　　　　　　truth@crowdsourcethetruth.org
　　　　　　　　　　　　　　　　　　　　　　　252 7th Avenue Apt 6s
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　　　　　　　　347-380-6998

CERTIFICATE OF SERVICE　　　　　　　　　　　　　　　　　　　　　　　　1