| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA<br>-----------------------------------------------------------------X<br>                    AMERICAN OVERSIGHT,<br><br>                                        Plaintiff,<br>-against-<br><br>                    PETE HEGSETH, et al.,<br>                                        Defendants.<br>-----------------------------------------------------------------X | Case No. 1:25-cv-00883<br><br>**THIRD RULE 59(e) MOTION TO ALTER OR AMEND MAY 20, 2025 ORDER AND CORRECT ONGOING PROCEDURAL ABUSE** |

Amicus Curiae Jason Goodman, appearing pro se and under constitutional authority, respectfully moves this Court pursuant to FRCP Rule 59(e) to alter or amend its May 20, 2025 Minute Order (Dkt. 26). The part of that Order granting amicus status is correct and must remain, but denial of the Forfeiture of Judicial Authority is legally erroneous and unconstitutional. In addition, the Court's labeling of the Rule 59(e) motion filed on May 20, 2025 (Dkt. 28) as a "Request for Leave to File" is factually incorrect and inconsistent with the court's own prior ruling (Dkt. 13). This arbitrary shift in policy and procedure can only be construed as retaliation.

The record now demonstrates a consistent pattern of mischaracterization, arbitrary rulings, docket tampering, and constitutional defiance that cannot be squared with Article III's "good Behaviour" requirement. The judge's continued manipulation of procedure, court policy and the law to protect himself from the consequences of forfeiture may constitute obstruction of justice under 18 U.S.C. § 1505. This Court must immediately correct the record — and the judge must withdraw from further participation without any additional delay.

I.     **GROUNDS FOR RELIEF UNDER RULE 59(e)**

   1. **Denial of a Constitutional Notice Is Not Within the Court's Lawful Power**

   The denied motion did not request judicial action or allow for discretion. It was a constitutional notice of forfeiture under Article III, Section 1 — asserting that Judge Boasberg's authority had

THIRD RULE 59(e) MOTION TO ALTER OR AMEND MAY 20, 2025 ORDER AND       1
CORRECT ONGOING PROCEDURAL ABUSE

**RECEIVED**
MAY 20 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

already terminated by operation of law. As such, the Court has no legal power to "deny" or adjudicate that notice. See *In re Murchison*, 349 U.S. 133 (1955); *Ex parte Siebold*, 100 U.S. 371 (1880); *Chandler v. Judicial Council*, 398 U.S. 74, 140 (1970) (Douglas, J., dissenting).

### 2. Recharacterizing a Rule 59(e) Motion as Requiring Leave Is a Legal Nullity

Rule 59(e) is available to all filers impacted by an order, regardless of formal party status. It does not require leave to file and has already been used once in this case by the undersigned — successfully — without issue and without the court requiring a request seeking leave. For the Court to now retroactively invent a leave requirement only when the motion challenges judicial misconduct is not merely inconsistent; it is unconstitutional. It reveals intentional misuse of docket procedures to shield the judge from constitutional accountability.

### 3. The Court's Conduct Can No Longer Be Construed as an Innocent Mistake

The pattern of docket suppression, delay, mischaracterization, and procedural innovation can no longer be attributed to administrative oversight. It now reeks of illegal resistance to the constitutional facts at hand. The Court is using improvisational gatekeeping as a pretext to suppress well-founded filings that expose judicial misconduct. Even the sequencing of docket entries now reflects an unmistakable pattern of manipulation. The Court has listed minute order filings out of chronological order to obscure the logical sequence of events and confound increasingly likely appellate review. The Rule 59(e) motion filed on May 20, 2025, has been labeled as if it predates the May 20 denial it challenges — an impossibility. Further, by using minute orders, which are unnumbered, the Court preserves its flexibility to shuffle outcomes and conceal timing inconsistencies. This cannot be explained as administrative error and bears the signs of deliberate falsification of the public record. Such egregious conduct may constitute procedural fraud, if not criminal obstruction of justice, under 18 U.S.C. § 1505.

### 4. The Order Is Void as an Ultra Vires Act

A judge cannot rule on a motion that asserts their own disqualification or constitutional ouster. The denial of the forfeiture motion is an act made in absence of jurisdiction, and therefore void. See *United States v. Throckmorton*, 98 U.S. 61 (1878); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

### 5. Relief Sought Is Limited and Precise

Movant does not seek reversal of the Court's grant of amicus status, which was appropriate. Rather, the motion seeks:

   i. Correction of the Court's overreach in denying a constitutional notice never subject to its discretion;

   ii. Correction of the docket and classification of the May 20, 2025 Rule 59(e) motion (Dkt. 28);

   iii. Formal acknowledgment that no leave is required to file a motion to amend or correct an order under Rule 59(e);

   iv. And judicial withdrawal from further participation in this matter based on the inescapable appearance — and growing factual record — of bias, misconduct, and institutional self-protection.

## II.   RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that the Court:

   a. Amend the May 20, 2025 Minute Order (Dkt. 26) to clarify that the grant of amicus status (Dkt. 14) stands;

   b. Vacate the portion of that Order purporting to deny the Motion to Declare Forfeiture of Judicial Authority, as void and ultra vires;

c. Correct the docket to remove the mischaracterization in Dkt. 28 and reflect that the Rule 59(e) motion filed on May 20, 2025, was properly filed and does not require leave;

d. Acknowledge that the Court has no authority to adjudicate constitutional forfeiture when the judicial officer in question is the subject of the notice;

e. Order Judge James E. Boasberg to withdraw from this matter immediately based on the ongoing appearance of impropriety and irreversible breach of constitutional good behavior;

f. Grant such further relief as the Constitution and interests of justice may require.

In the interest of full transparency and to avoid any appearance of strategic concealment, the undersigned also respectfully informs the Court that this motion and its supporting documentation will be transmitted to the Office of the United States Attorney for the District of Columbia. This referral is made to ensure that the record of apparent obstruction, procedural misrepresentation, and potential criminal misconduct under 18 U.S.C. § 1505 is reviewed by the appropriate executive authority. The intention is not retaliatory, but constitutional—rooted in the duty of every citizen to report unlawful resistance to the administration of justice, particularly when committed under color of judicial authority.

Dated: New York, New York May 20, 2025

Respectfully submitted

Jason Goodman
Constitutional Pro Se Movant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA<br>-------------------------------------------------------------------X<br>AMERICAN OVERSIGHT,<br><br>                              Plaintiff,<br>-against-<br><br>                  PETE HEGSETH, et al.,<br>                              Defendants.<br>-------------------------------------------------------------------X | Case No. 1:25-cv-00883<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on May 20, 2025, I served true and correct copies of the following documents by electronic mail (with PDFs attached):

THIRD RULE 59(e) MOTION TO ALTER OR AMEND MAY 20, 2025 ORDER AND CORRECT ONGOING PROCEDURAL ABUSE

upon the following parties:

amber.richer@usdoj.gov, emma.lewis@americanoversight.org,

ben.sparks@americanoversight.org, ron.fein@americanoversight.org,

katherine.anthony@americanoversight.org

Dated: New York, New York May 20, 2025

Respectfully submitted

Jason Goodman
Pro Se Amicus Applicant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

CERTIFICATE OF SERVICE                                                                                           1