| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA<br>------------------------------------------------------------------X<br>AMERICAN OVERSIGHT,<br><br>                    Plaintiff,<br>-against-<br><br>PETE HEGSETH, et al.,<br>                    Defendants.<br>------------------------------------------------------------------X | Case No. 1:25-cv-00883<br><br>**RULE 60(b)(4) MOTION TO VACATE VOID ORDER, RENEWED NOTICE OF FORFEITURE OF JUDICIAL AUTHORITY, AND CRIMINAL REFERRAL NOTICE** |

   Pro se amicus curiae Jason Goodman, asserting standing under the First Amendment and Article III of the U.S. Constitution, respectfully moves this Court pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to VACATE the Court's May 27, 2025 Minute Order denying Dkts. 31 and 32, and renews the declaration that Chief Judge James E. Boasberg must immediately withdraw from further participation in this matter based on forfeiture of judicial authority by operation of law. This Motion also provides formal notice that a criminal referral will be submitted to the U.S. Attorney for the District of Columbia concurrent with this filing.

   This is not a stunt.  This is not a joke. It is not hyperbole. And it is not mere protest. This is a direct constitutional challenge to the judicial legitimacy of the presiding officer and a demand that the Court conform itself to the supremacy of the Constitution without further delay.

   **I.    THE MAY 27 ORDER IS VOID FOR LACK OF JURISDICTION**

   Federal Rule 60(b)(4) permits relief from a judgment or order that is VOID. An order is void if the court lacked subject matter jurisdiction, personal jurisdiction, or acted in the complete absence of judicial authority. The Order meets each of these criteria rendering it void on its face.

   The filing at Dkt. 31 is not a motion subject to judicial discretion. It is a constitutional notice of forfeiture under Article III, asserting that Judge Boasberg had already lost the authority to preside over this case for failure to conform with Constitutional requirements as described in

RECEIVED MAY 30 2025 Clerk, U.S. District & Bankruptcy Court for the District of Columbia

Article III. Judge Boasberg failed to provide any argument or explanation challenging the legal validity of the notification because none exists and none can be made.

By denying that filing without opinion, reasoning, or authority, and by presiding over a challenge to his own jurisdiction, Judge Boasberg committed an *ultra vires* act. *See United States v. Throckmorton*, 98 U.S. 61 (1878); *In re Murchison*, 349 U.S. 133 (1955).

This or any other Court lacks the legal power to "deny" a constitutional notice of forfeiture of jurisdiction. It may not unilaterally assert such authority any more than Goodman could attempt to declare power over the Court itself.  These facts are dictated by the highest law in the land, the United States Constitution.  As such, the May 27 denial is a legal nullity that must be vacated.

See also *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1179 (D.C. Cir. 2013) (a judgment is void if the court acted in a manner inconsistent with due process), and *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920) (jurisdiction must be conferred by law or it is not possessed).

This motion is not speculative. It is premised on the foundational constitutional proposition that all judicial power must derive from lawful authority. A judge acting without that authority is no longer a judge by the letter of the very article of the Constitution from which his power flows.

## II.     FAILURE TO ISSUE AN OPINION IS ADMISSION BY OMISSION

Chief Judge Boasberg issued no written opinion or even so much as a memorandum endorsement to justify his denial of Dkts. 31 and 32.  In this instance, that deafening silence speaks volumes. Were a direct challenge to the court's authority introduced on frivolous claims it should provoke a response from the judge that would at least describe that, with dismissal for lack of legal basis. The absence of any analysis, reasoning, or findings is not a minor omission. It is a *de facto* admission that the constitutional argument presented is irrefutable.

This Court routinely issues pages of legal reasoning to resolve temporary restraining orders, evidentiary disputes, or procedural motions. Yet here—when confronted with a direct and unprecedented constitutional challenge to the judge's authority—the Court fell tellingly silent. Using minute orders instead of a memorandum opinion or docketed memo endorsement should be construed as a deliberate tactic to evade appellate scrutiny that functionally suppresses the record, undermining Goodman's ability to seek appellate review. See *Cement Kiln Recycling Coalition v. EPA*, 493 F.3d 207, 215 (D.C. Cir. 2007) finding that "Reasoned decision-making is required for judicial review."

Silence in this context is not merely efficient docket management. It is tantamount to judicial concealment. And concealment in the face of a constitutional challenge is not just procedural evasion—it is *prima facie* evidence that the judge has no legally defensible response. By contrast, the use of Minute Orders rather than memoranda is indefensible. **(EXHIBIT A)**

*See Offutt v. United States*, 348 U.S. 11, 17–18 (1954) (judge personally embroiled loses the appearance of impartiality), and *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 869–70 (1988) (appearance of justice must be satisfied even where actual bias is not proven).

### III.    JURISDICTIONAL VOID CANNOT BE SHIELDED BY FORMALISM

It should be anticipated that defenders of the status quo will claim this Court retains jurisdiction over the subject matter of this case, and thus that its orders cannot be void. But that argument mischaracterizes the core issue. This motion does not dispute that the United States District Court for the District of Columbia has subject matter jurisdiction over the claims filed in *American Oversight v. Hegseth*. This constitutional declaration contests the legitimacy of the specific individual purporting to retain the legal right to exercise judicial authority in this matter.

The challenge is not to the forum, but to the occupant of the bench. Because Judge Boasberg has forfeited his Article III authority by repeatedly violating the condition of "good Behaviour," he is no longer a lawful judge, and any ruling he issues—regardless of the court's subject matter jurisdiction—is void. The power to rule must flow from legitimate constitutional authority, and that authority is extinguished when the described "good Behaviour" condition is violated.

To assert that a judge can continue ruling after their authority is meaningfully challenged pursuant to the spirit, the letter, and clear text of the Constitution without first resolving that challenge is to invert the rule of law. Rule 60(b)(4) exists for precisely such moments: when process masquerades as authority and silence is used to obscure fundamental illegitimacy.

Judicial immunity cannot cloak acts taken in the complete absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991). Nor can silence be treated as a procedural efficiency when what it conceals is a jurisdictional void.

## IV.   A CASE OF FIRST IMPRESSION

Movant acknowledges this may be a case of first impression. That is not because the legal theory is unsound. It is because licensed attorneys are professionally, financially, and practically unable to raise it without risking ostracization if not complete career destruction.

The bar is not an institution designed to foster challenges to the status quo or seek creative solutions in the interests of evolutionary change. It is an institution of compliance. Pro se litigants are uniquely positioned to assert truths that those dedicated to the profession will not. This motion represents not just a novel legal theory, but a necessary assertion of constitutional supremacy whose time has come

The Supreme Court *in Ex parte Siebold*, 100 U.S. 371 (1880), declared that an officer acting outside lawful authority "is not an officer at all in the contemplation of law." There is no exemption for judges.

See also *United States v. Will*, 449 U.S. 200, 217 (1980) (judicial independence is grounded in constitutional structure, not above it).

The question is not whether it is politically convenient for a Chief Judge to be removed. The question is whether the Constitution permits him to stay.

V.   **CRIMINAL REFERRAL TO THE U.S. ATTORNEY FOR D.C.**

The following is not a threat and by no means intended to be construed as such. This is a series of statements of the current facts as perceived by the movant and the functions of the Constitution including separation of powers to be presided over by lawful authorities within the Executive branch. By continuing to rule after being placed on notice of forfeiture, Judge Boasberg is operating under color of judicial authority without constitutional foundation.

This raises serious concerns under:

    i.    18 U.S.C. § 912 — Falsely assuming or pretending to be a federal officer; and

    ii.    18 U.S.C. § 242 — Deprivation of rights under color of law.

This is no longer a question for this Court alone. This is a question for the Executive Branch, the Department of Justice and federal prosecutors including the U.S. Attorney's office for the District of Columbia. The judge has cloaked himself in authority he no longer possesses.

This criminal referral is not rhetorical. It is a lawful escalation of a constitutional grievance that has been unlawfully ignored, minimized, and suppressed by an individual void of authority in the matter.

VI.   **RELIEF DEMANDED BY THE UNITED STATES CONSTITUTION**

WHEREFORE, the spirit, letter and precise text of the United States Constitution, and the pro se movant Jason Goodman respectfully demand that the Court:

a. VACATE the May 27, 2025 Minute Order denying Dkts. 31 and 32 as VOID;

b. Formally recognize that the Court has no authority to adjudicate a constitutional notice asserting judicial forfeiture;

c. Order Chief Judge James E. Boasberg to immediately WITHDRAW from this case and all others;

d. Reassign this instant matter to a neutral and impartial jurist;

e. Acknowledge this motion as self-executing constitutional notice not subject to discretionary denial;

f. Accept notice that this matter is being referred to the U.S. Attorney for the District of Columbia under 18 U.S.C. §§ 912 and 242;

g. Grant such further relief as justice may require.

Dated: New York, New York May 30, 2025

Respectfully submitted

Jason Goodman
Pro Se Amicus Curiae
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-201-6017

**(EXHIBIT A)**

Query | Reports | Utilities | Help | Log Out

**1:25-cv-00883-JEB** AMERICAN OVERSIGHT v. HEGSETH et al
James E. Boasberg, presiding
**Date filed:** 03/25/2025
**Date of last filing:** 05/27/2025

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed & Entered:* 03/25/2025 | Complaint |
|  | *Docket Text:* COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC-11566632) filed by AMERICAN OVERSIGHT. (Attachments: # (1) Civil Cover Sheet, # (2) Summons to USAO, # (3) Summons to USAG, # (4) Summons to Sec. Hegseth, # (5) Summons to Dir. Gabbard, # (6) Summons to Dir. Ratcliffe, # (7) Summons to Sec. Bessent, # (8) Summons to Sec. and Archivist Rubio, # (9) Summons to NARA)(Sparks, Benjamin) ||
| 2 | *Filed & Entered:* 03/25/2025 | LCvR 26.1 Certificate of Disclosure - Corporate Affiliations/Financial Interests |
|  | *Docket Text:* LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by AMERICAN OVERSIGHT (Sparks, Benjamin) ||
|  | *Filed & Entered:* 03/26/2025 | Case Assigned/Reassigned |
|  | *Docket Text:* Case Assigned to Chief Judge James E. Boasberg. (znmw) ||
| 3 | *Filed & Entered:* 03/26/2025 | Summons Issued Electronically as to AUSA |
|  | *Docket Text:* SUMMONS (8) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # (1) Notice and Consent)(znmw) ||
| 4 | *Filed & Entered:* 03/26/2025 | Notice of Appearance |
|  | *Docket Text:* NOTICE of Appearance by Katherine Marie Anthony on behalf of AMERICAN OVERSIGHT (Anthony, Katherine) ||
| 5 | *Filed & Entered:* 03/26/2025 | Notice of Appearance |
|  | *Docket Text:* NOTICE of Appearance by Ronald A. Fein on behalf of All Plaintiffs (Fein, Ronald) ||
| 6 | *Filed & Entered:* 03/26/2025 | Motion for TRO |
|  | *Docket Text:* MOTION for Temporary Restraining Order by AMERICAN OVERSIGHT. (Attachments: # (1) Memorandum in Support, # (2) Declaration, # (3) Exhibit A to Sparks Declaration, # (4) Text of Proposed Order)(Sparks, Benjamin) ||
|  | *Filed & Entered:* 03/27/2025 | Order |
|  | *Docket Text:* MINUTE ORDER: The Court ORDERS that the parties shall appear for a hearing on Plaintiff's TRO today at 4:00 p.m. If Defendants wish to file a written Opposition, they shall do so by 1:00 p.m. today. The hearing shall take place in Courtroom 22A. Members of the public may attend in person or by telephone. Toll free number: 833-990-9400. Meeting ID: 049550816. Any use of the public-access telephone line requires adherence to the general prohibition against photographing, recording, livestreaming, and rebroadcasting of court proceedings (including those held by telephone or videoconference), as set out in Standing Order No. 24-31 (JEB). Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or other sanctions deemed necessary by the Court. So ORDERED by Chief Judge James E. Boasberg on March 27, 2025. (lcjeb3) ||

|   | *Filed & Entered:* | 03/27/2025 | Motion Hearing |
|---|---|---|---|
|   | *Docket Text:* Minute Entry for proceedings held before Chief Judge James E. Boasberg: Motion Hearing held on 3/27/2025 re [6] MOTION for Temporary Restraining Order filed by AMERICAN OVERSIGHT. Oral arguments heard. Order forthcoming. (Court Reporter Tammy Nestor) (znbn) | | |
|   | *Filed & Entered:* | 03/27/2025 | Order |
|   | *Docket Text:* MINUTE ORDER: As agreed by the parties in today's TRO hearing, the Court ORDERS that: 1) Defendants shall promptly make best efforts to preserve all Signal communications from March 11-15, 2025; 2) By March 31, 2025, Defendants shall file a Status Report with declarations setting forth the steps that they have taken to implement such preservation; and 3) This Order shall expire on April 10, 2025, in the event that Defendants' measures are satisfactory to the Court. So ORDERED by Chief Judge James E. Boasberg on March 27, 2025. (lcjeb3) | | |
| 7 | *Filed & Entered:* | 03/27/2025 | Notice of Appearance |
|   | *Docket Text:* NOTICE of Appearance by Amber Richer on behalf of All Defendants (Richer, Amber) | | |
| 8 | *Filed & Entered:* | 03/27/2025 | Memorandum in Opposition |
|   | *Docket Text:* Memorandum in opposition to re [6] Motion for TRO filed by PETE HEGSETH, TULSI GABBARD, JOHN L. RATCLIFFE, SCOTT BESSENT, MARCO A. RUBIO, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION. (Attachments: # (1) Declaration, # (2) Declaration)(Richer, Amber) | | |
| 9 | *Filed & Entered:* | 03/28/2025 | Notice (Other) |
|   | *Docket Text:* NOTICE by PETER B. HEGSETH, TULSI GABBARD, JOHN L. RATCLIFFE, SCOTT BESSENT, MARCO A. RUBIO, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION re Order,,, Set Deadlines,, (Richer, Amber) | | |
| 10 | *Filed & Entered:* | 03/31/2025 | Status Report |
|   | *Docket Text:* STATUS REPORT by PETER B. HEGSETH, TULSI GABBARD, JOHN L. RATCLIFFE, SCOTT BESSENT, MARCO A. RUBIO, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION. (Attachments: # (1) Declaration, # (2) Declaration, # (3) Declaration, # (4) Declaration)(Richer, Amber) | | |
|   | *Filed & Entered:* | 04/01/2025 | Order |
|   | *Docket Text:* MINUTE ORDER: The Court ORDERS that Plaintiff shall file any Response to Defendants' [10] Status Report by April 4, 2025. So ORDERED by Chief Judge James E. Boasberg on April 1, 2025. (lcjeb3) | | |
| 11 | *Filed:* *Entered:* | 04/01/2025 04/02/2025 | Leave to File Denied |
|   | *Docket Text:* LEAVE TO FILE DENIED- JASON GOODMAN - Motion. This document is unavailable as the Court denied its filing. Pro Se party has been notified by first class mail. "Leave to file DENIED." Signed by Chief Judge James E. Boasberg on 4/1/2025. (zjm) | | |
| 12 | *Filed & Entered:* | 04/04/2025 | Response to Document |
|   | *Docket Text:* RESPONSE re [10] Status Report, filed by AMERICAN OVERSIGHT. (Sparks, Benjamin) | | |
| 13 | *Filed:* *Entered:* *Terminated:* | 04/04/2025 04/09/2025 04/09/2025 | Motion to Alter Judgment |
|   | *Docket Text:* MOTION to Alter Judgment as to [11] Leave to File Denied, by JASON GOODMAN. (zjm) | | |
|   | *Filed & Entered:* | 04/07/2025 | Order |
|   | *Docket Text:* MINUTE ORDER: Given the representations in Plaintiff's [12] Response, the Court ORDERS the parties to appear for a status hearing on April 10, 2025, at 10:30 a.m. The hearing shall take place in Courtroom 22A. Members of the public may attend in person or by telephone. Toll free number: 833-990-9400. Meeting ID: 049550816. Any use of the public-access telephone line requires adherence to the general prohibition against photographing, recording, livestreaming, and rebroadcasting of court proceedings (including those held by telephone or videoconference), as set out in Standing Order No. 24-31 (JEB). | | |

| | | | |
|---|---|---|---|
| | \multicolumn{3}{l|}{Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or other sanctions deemed necessary by the Court. So ORDERED by Chief Judge James E. Boasberg on April 7, 2025. (lcjeb3)} |
| | *Filed & Entered:* | 04/09/2025 | Order on Motion to Alter Judgment |
| | \multicolumn{3}{l|}{*Docket Text:* MINUTE ORDER: The Court ORDERS that: 1) Proposed Amicus's [13] Motion to Alter Judgment is GRANTED; and 2) His [11] Motion Seeking Leave to File shall be DOCKETED. So ORDERED by Chief Judge James E. Boasberg on April 9, 2025. (lcjeb3)} |
| 14 | *Filed:* <br> *Entered:* <br> *Terminated:* | 04/09/2025 <br> 04/14/2025 <br> 05/20/2025 | Motion for Leave to File Amicus Brief |
| | \multicolumn{3}{l|}{*Docket Text:* MOTION for Leave to File Amicus Brief by JASON GOODMAN. (Filed pursuant to Order filed on 04/09/2025) (Attachment: # (1) Amicus)(zjm) Modified on 4/15/2025 to add docket text (zjm).} |
| | *Filed & Entered:* | 04/10/2025 | Order |
| | \multicolumn{3}{l|}{*Docket Text:* MINUTE ORDER: As discussed in today's hearing, the Court ORDERS that: 1) By April 14, 2025, the Government shall provide supplemental declarations addressing the specific clarifications noted by the Court; and 2) Plaintiff shall file any response by April 16, 2025. So ORDERED by Chief Judge James E. Boasberg on April 10, 2025. (lcjeb3)} |
| | *Filed & Entered:* | 04/10/2025 | Status Conference |
| | \multicolumn{3}{l|}{*Docket Text:* Minute Entry for proceedings held before Chief Judge James E. Boasberg: Status Conference held on 4/10/2025. Supplement due by 4/14/2025. Responses due by 4/16/2025. See Minute Order filed on 4/10/2025 for further details. (Court Reporter Tammy Nestor) (znbn)} |
| 15 | *Filed & Entered:* | 04/14/2025 | Notice (Other) |
| | \multicolumn{3}{l|}{*Docket Text:* NOTICE of Filing of Supplemental Declarations by SCOTT BESSENT, TULSI GABBARD, PETER B. HEGSETH, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, JOHN L. RATCLIFFE, MARCO A. RUBIO re Order,, Set Deadlines, (Attachments: # (1) Declaration, # (2) Declaration, # (3) Declaration, # (4) Declaration)(Richer, Amber)} |
| 16 | *Filed & Entered:* | 04/16/2025 | Response to Document |
| | \multicolumn{3}{l|}{*Docket Text:* RESPONSE re [15] Notice (Other), *of Filing Supplemental Declarations* filed by AMERICAN OVERSIGHT. (Sparks, Benjamin)} |
| | *Filed & Entered:* | 04/18/2025 | Order |
| | \multicolumn{3}{l|}{*Docket Text:* MINUTE ORDER: The Court ORDERS that the Government shall file any response to Plaintiff's [16] Response by April 23, 2025. So ORDERED by Chief Judge James E. Boasberg on April 18, 2025. (lcjeb3)} |
| 17 | *Filed & Entered:* | 04/21/2025 | Amended Complaint |
| | \multicolumn{3}{l|}{*Docket Text:* AMENDED COMPLAINT against All Defendants filed by AMERICAN OVERSIGHT. (Sparks, Benjamin)} |
| | *Filed & Entered:* | 04/22/2025 | Order on Motion for Preliminary Injunction |
| | \multicolumn{3}{l|}{*Docket Text:* MINUTE ORDER: The Court ORDERS that Plaintiff's [18] PI Motion is STRICKEN as violating the Court's Local Rule on excessive footnotes. Plaintiff shall file a compliant brief with no more than 10 footnotes containing no more than 40 aggregate lines of text. So ORDERED by Chief Judge James E. Boasberg on April 22, 2025. (lcjeb3)} |
| 18 | *Filed & Entered:* <br> *Terminated:* | 04/22/2025 <br> 04/22/2025 | Motion for Preliminary Injunction |
| | \multicolumn{3}{l|}{*Docket Text:* STRICKEN PURSUANT TO MINUTE ORDER FILED 4/22/2025..... MOTION for Preliminary Injunction by AMERICAN OVERSIGHT. (Attachments: # (1) Memorandum in Support of Motion for a Preliminary Injunction, # (2) Declaration of Benjamin A. Sparks (second), # (3) Text of Proposed Order)(Sparks, Benjamin) Modified on 4/23/2025 (znmw).} |

| | | | |
|---|---|---|---|
| 19 | *Filed & Entered:* | 04/22/2025 | Motion for Preliminary Injunction |
| | *Docket Text:* MOTION for Preliminary Injunction by AMERICAN OVERSIGHT. (Attachments: # (1) Memorandum in Support, # (2) Declaration of Benjamin A. Sparks (Second), # (3) Text of Proposed Order)(Sparks, Benjamin) | | |
| 20 | *Filed & Entered:* | 04/23/2025 | Reply to Document |
| | *Docket Text:* REPLY re [15] Notice (Other), *Defendants' Reply to Plaintiff's Response to Defendants' Supplemental Declarations* filed by SCOTT BESSENT, TULSI GABBARD, PETER B. HEGSETH, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, JOHN L. RATCLIFFE, MARCO A. RUBIO. (Richer, Amber) | | |
| | *Filed & Entered:* | 04/24/2025 | Order |
| | *Docket Text:* MINUTE ORDER: The Court ORDERS that: (1) Defendants shall file their Opposition to Plaintiff's [19] Motion for a Preliminary Injunction by May 7, 2025; (2) Plaintiff shall file its Reply by May 14, 2025; and 3) The parties shall appear for a hearing on the Motion on May 16, 2025, at 2:00 p.m. The hearing shall take place in Courtroom 22A. Members of the public may attend in person or by telephone. Toll free number: 833-990-9400. Meeting ID: 049550816. Any use of the public-access telephone line requires adherence to the general prohibition against photographing, recording, livestreaming, and rebroadcasting of court proceedings (including those held by telephone or videoconference), as set out in Standing Order No. 24-31 (JEB). Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or other sanctions deemed necessary by the Court. So ORDERED by Chief Judge James E. Boasberg on April 24, 2025. (lcjeb3) | | |
| 21 | *Filed & Entered:* | 04/24/2025 | Notice of Appearance |
| | *Docket Text:* NOTICE of Appearance by Emma Lewis on behalf of AMERICAN OVERSIGHT (Lewis, Emma) | | |
| 22 | *Filed & Entered:* | 05/07/2025 | Memorandum in Opposition |
| | *Docket Text:* Memorandum in opposition to re [19] MOTION for Preliminary Injunction filed by SCOTT BESSENT, TULSI GABBARD, PETER B. HEGSETH, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, JOHN L. RATCLIFFE, MARCO A. RUBIO. (Attachments: # (1) Exhibit Exhibit 1: State Department Foreign Affairs Manual (FAM) 5 FAM 430, # (2) Exhibit Exhibit 2: Department of Defense Instruction No. 5015.02, # (3) Declaration Exhibit 3: Declaration of David P. Bennett, # (4) Declaration Exhibit 4: Declaration of Christopher Pilkerton, # (5) Declaration Exhibit 5: Declaration of Robert A. Newton, # (6) Declaration Exhibit 6: Declaration of Mary C. Williams, # (7) Declaration Exhibit 7: Declaration of Mallory D. Rogoff)(Richer, Amber) | | |
| 25 | *Filed:*<br>*Entered:* | 05/09/2025<br>05/16/2025 | Request for Leave to File Review |
| | *Docket Text:* **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Motion to Declare Forfeiture of Judicial Authority. JASON GOODMAN. Reason(s): Filer is not a party to the case. (zjm) | | |
| 23 | *Filed & Entered:* | 05/14/2025 | Reply to opposition to Motion |
| | *Docket Text:* REPLY to opposition to motion re [19] Motion for Preliminary Injunction filed by AMERICAN OVERSIGHT. (Sparks, Benjamin) | | |
| | *Filed & Entered:* | 05/16/2025 | Motion Hearing |
| | *Docket Text:* Minute Entry for proceedings held before Chief Judge James E. Boasberg: Motion Hearing held on 5/16/2025 re [19] MOTION for Preliminary Injunction filed by AMERICAN OVERSIGHT. Oral argument heard. (Court Reporter Janice Dickman) (znbn) | | |
| 24 | *Filed & Entered:* | 05/16/2025 | Summons Returned Executed as to Federal Defendant |
| | *Docket Text:* RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SCOTT BESSENT served on 4/2/2025; TULSI GABBARD served on 4/4/2025; PETER B. HEGSETH served on | | |

| | | | |
|---|---|---|---|
| | | | 4/1/2025; NATIONAL ARCHIVES AND RECORDS ADMINISTRATION served on 4/1/2025; JOHN L. RATCLIFFE served on 5/2/2025; MARCO A. RUBIO served on 4/24/2025, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 4/2/2025., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/26/2025. ( Answer due for ALL FEDERAL DEFENDANTS by 5/25/2025.) (Attachments: # (1) Declaration of M. Adhoob, # (2) Declaration of B. Sparks, # (3) Declaration of A. Brier)(Lewis, Emma) |
| | *Filed & Entered:* | 05/19/2025 | Order on Leave to File Review |
| | *Docket Text:* MINUTE ORDER re [25] Request for Leave to File Review. Leave to file is GRANTED. The Clerk is directed to file the attached document on the public docket. Signed by Chief Judge James E. Boasberg on May 19, 2025. (lcjeb3) | | |
| 26 | *Filed & Entered:*<br>*Terminated:* | 05/19/2025<br>05/20/2025 | Motion for Order |
| | *Docket Text:* MOTION for Order to Declare Forfeiture of Judicial Authority by JASON GOODMAN. (zjm) | | |
| 28 | *Filed:*<br>*Entered:* | 05/19/2025<br>05/20/2025 | Request for Leave to File Review |
| | *Docket Text:* **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Motion to Correct Clear Error of Fact and Law, and Remedy Unlawful Suppression of Constitutional Filing. JASON GOODMAN. Reason(s): Filer is not a party to the case. (zjm) | | |
| | *Filed & Entered:* | 05/20/2025 | Order on Motion for Order |
| | *Docket Text:* MINUTE ORDER: The Court ORDERS that: 1) Amicus's [14] Motion is GRANTED, and the [14-1] Brief is deemed FILED; and 2) His [26] Motion for Order is DENIED. So ORDERED by Chief Judge James E. Boasberg on May 20, 2025. (lcjeb3) | | |
| | *Filed & Entered:* | 05/20/2025 | Order on Motion for Extension of Time to Answer |
| | *Docket Text:* MINUTE ORDER: The Court ORDERS that: 1) The Consent [27] Motion for Extension of Time is GRANTED; and 2) Defendants shall file their Answer or otherwise respond to Plaintiff's Amended Complaint by June 27, 2025. So ORDERED by Chief Judge James E. Boasberg on May 20, 2025. (lcjeb3) | | |
| 27 | *Filed & Entered:*<br>*Terminated:* | 05/20/2025<br>05/20/2025 | Motion for Extension of Time to File Answer |
| | *Docket Text:* Unopposed MOTION for Extension of Time to File Answer re [17] Amended Complaint *Defendants' Unopposed Motion for a Thirty-Day Extension of Time to Respond to the Amended Complaint* by SCOTT BESSENT, TULSI GABBARD, PETER B. HEGSETH, NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, JOHN L. RATCLIFFE, MARCO RUBIO. (Attachments: # (1) Text of Proposed Order)(Richer, Amber) | | |
| 29 | *Filed & Entered:* | 05/20/2025 | Amicus Brief |
| | *Docket Text:* AMICUS BRIEF by JASON GOODMAN. (zjm) | | |
| 31 | *Filed:*<br>*Entered:*<br>*Terminated:* | 05/20/2025<br>05/23/2025<br>05/27/2025 | Motion to Compel |
| | *Docket Text:* MOTION to Compel Forfeiture and for Correction of Docket Record by JASON GOODMAN. (zjm) | | |
| 32 | *Filed:*<br>*Entered:*<br>*Terminated:* | 05/20/2025<br>05/23/2025<br>05/27/2025 | Motion to Amend/Correct |
| | *Docket Text:* MOTION to Amend/Correct Order on Motion for Order, Order on Motion for Leave to File Amicus Brief by JASON GOODMAN. (zjm) | | |
| 30 | *Filed & Entered:* | 05/23/2025 | Transcript |

| | |
|---|---|
| *Docket Text:* TRANSCRIPT OF PROCEEDINGS before Chief Judge James E. Boasberg held on 5/16/2025. Page Numbers: 1-29. Date of Issuance: May 23, 2025. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the [Transcript Order Form](#)<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/13/2025. Redacted Transcript Deadline set for 6/23/2025. Release of Transcript Restriction set for 8/21/2025.(Dickman, Janice) Modified to add date of hearing on 5/27/2025 (znmw). | |
| *Filed & Entered:*  05/27/2025 | Order on Motion to Compel |
| *Docket Text:* MINUTE ORDER: The Court ORDERS that Amicus's [31], [32] Motions are DENIED. So ORDERED by Chief Judge Boasberg on May 27, 2025. (lcjeb3) | |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/30/2025 14:44:24 | | | |
| **PACER Login:** | jasongoodman | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:25-cv-00883-JEB |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |