## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-883 |
| | ) | |
| PETE HEGSETH, in his official capacity as Secretary of Defense, | ) | |
| | ) | |
| TULSI GABBARD, in her official capacity as Director of National Intelligence, | ) | |
| | ) | |
| JOHN L. RATCLIFFE, in his official capacity as Director of the Central Intelligence Agency, | ) | |
| | ) | |
| SCOTT BESSENT, in his official capacity as Secretary of the Treasury, | ) | |
| | ) | |
| MARCO A. RUBIO, in his official capacities as Secretary of State and Acting Archivist of the United States, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS (ECF NO. 39)

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

STANDARD OF REVIEW .....................................................................................................2

ARGUMENT ..........................................................................................................................3

    **I.**    **THE COURT SHOULD DENY DEFENDANTS' MOTION AS TO COUNT II OF THE AMENDED COMPLAINT BECAUSE AMERICAN OVERSIGHT SUFFICIENTLY ALLEGES THAT AGENCY-HEAD DEFENDANTS VIOLATED 44 U.S.C. § 3106(a) BY FAILING TO NOTIFY THE ACTING ARCHIVIST OF SIGNAL CHATS AT RISK OF DELETION.**...............................3

    **II.**   **THE COURT SHOULD DENY DEFENDANTS' MOTION AS TO COUNT VI OF THE AMENDED COMPLAINT BECAUSE AMERICAN OVERSIGHT SUFFICIENTLY ALLEGES THAT ACTING ARCHIVIST RUBIO VIOLATED 44 U.S.C. § 3106(b) BY FAILING TO REQUEST THAT THE ATTORNEY GENERAL INITIATE AN ACTION FOR RECOVERY OR OTHER REDRESS REGARDING SIGNAL CHATS AT RISK OF DELETION.**...............................11

CONCLUSION........................................................................................................................13

i

# TABLE OF AUTHORITIES

Page(s)

Cases

*Adair v. England*,
  183 F. Supp. 2d 31 (D.D.C. 2002)................................................................9
*Brennan Ctr. for Justice at N.Y.U. Sch. of L. v. U.S. Dep't of Just.*,
  377 F. Supp. 3d 428 (S.D.N.Y. 2019)........................................................10
*Brown v. Gov't of D.C.*,
  390 F. Supp. 3d 114 (D.D.C. 2019)......................................................3, 5, 6
*Cause of Action Inst. v. Tillerson*,
  285 F. Supp. 3d 201 (D.D.C. 2018)....................................................4, 6, 12
*Citizens for Resp. & Ethics in Wash. v. Pruitt*,
  319 F. Supp. 3d 252 (D.D.C. 2018).............................................................3
*Comcast Corp. v. F.C.C.*,
  526 F.3d 763 (D.C. Cir. 2008).....................................................................9
*Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*,
  241 F. Supp. 3d 14 (D.D.C. 2014)..........................................................9, 10
*Competitive Enter. Inst. v. U.S. Envir. Protec. Agency*,
  67 F. Supp. 3d 23 (D.D.C. 2014)...........................................................3, 8, 9
*Democracy Forward Found.. v. U.S. Dep't of Com.*,
  474 F. Supp. 3d 69 (D.D.C. 2020).............................................................10
*Evangelou v. D.C.*,
  901 F. Supp. 2d 159 (D.D.C. 2012).............................................................7
*Kelleher v. Dream Catcher, L.L.C.*,
  263 F. Supp. 3d 322 (D.D.C. 2017).............................................................7
*Price v. United States Dep't of Just.*,
  2019 WL 2526439 (D.D.C. June 19, 2019)...............................................11
*Project on Gov't Oversight, Inc. v. NARA*, No. 23-cv-2564 (DLF),
  2024 WL 4286109 (D.D.C. Sep. 25, 2024)..................................................4
*Reid v. Hurwitz*,
  920 F.3d 828 (D.C. Cir. 2019)......................................................................7
*Thomas v. Baker*,
  925 F.2d 1523 (D.C. Cir. 1991)....................................................................9

Statutes

44 U.S.C. § 3106..........................................................................................Passim
44 U.S.C.A. § 3301(a)(1)(A) ..............................................................................12
44 U.S.C.§ 2905(a) ............................................................................................12

Rules

Fed. R. Civ. P. 12 .......................................................................................2, 3, 5
Fed. R. Civ. P. 41 .................................................................................................1

## INTRODUCTION

For the same reasons that American Oversight's motion for preliminary injunction demonstrated a likelihood of success on the merits of its notification and referral claims under the Federal Records Act for extant Signal chats, the Amended Complaint adequately pleads those claims, and the Motion to Dismiss should be denied as to Counts II and VI.[1] In its June 20, 2025 Memorandum Opinion on American Oversight's motion for preliminary injunction, the Court concluded that American Oversight is likely to succeed on the merits of its claims that agency-head Defendants and Defendant Rubio, as Acting head of the National Archives and Records Administration (NARA), failed to satisfy their mandatory notification and referral duties under § 3106 of the Federal Records Act (FRA) in relation to existing Signal chats at risk of deletion. Mem. Op. 14–22, ECF No. 36; *see also* Am. Compl. ¶¶ 167–78, 208–17, ECF No. 17.

As the Court explained, § 3106 "requires Government officials to notify the Archivist — and the Archivist, in the case of inaction or agency-head participation, to request the Attorney General to initiate an action for redress — whenever there is 'impending[ ] or threatened unlawful removal . . . , deletion, erasure, or other destruction of records.'" Mem. Op. 20, ECF No. 36 (quoting 44 U.S.C. § 3106(a)–(b)). Based on the allegations in the Amended Complaint, the Court held that American Oversight "persuasively contends that agency-head Defendants were or are part of [Signal] chats set to auto-delete and that [Acting Archivist] Rubio is already aware of some of those chats." *Id.* at 17. The Court observed that American Oversight's allegations were premised in part on sworn congressional testimony and news reporting "indicat[ing] 'that the use of Signal to conduct official government business' is — or at least was — 'widespread' among senior

---

[1] At this time, American Oversight does not oppose dismissal of its remaining claims (Counts I, III, IV, and V) without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Administration officials, including Defendants." *Id.* (quoting Am. Compl. ¶¶ 16, 78–80, nn. 12–14, ECF No. 17).

Despite these findings at the preliminary injunction stage, Defendants nonetheless move to dismiss American Oversight's claims under § 3106. But the Court has already implicitly probed the legal sufficiency of American Oversight's Amended Complaint and concluded not only that Count II and Count VI were sufficiently pled, but that American Oversight was likely to succeed on the merits of those claims. Defendants' arguments challenging Count II and Count VI fail to identify any legal insufficiencies. Instead, they rely heavily on an unsworn statement purporting to negate their need to invoke § 3106, both ignoring the applicable standard of review at this stage of the proceeding and raising concerns about the propriety of Defendants' interpretation and compliance with the Court's preliminary injunction. *See* Defs.' Mem. P. & A. Supp. Mot. Dismiss ("Defs. MTD Mem.") 20–23, ECF No. 39-1; Fed. R. Civ. P. 12(b)(6); *see also* Order, ECF No. 35; Defs.' Status Report, ECF No. 38. Beyond failing to establish that these claims should be dismissed, Defendants' motion demonstrates why discovery is appropriate to further flesh out their compliance—or lack thereof—with their statutory obligations.

For these reasons, as explained more fully below, American Oversight respectfully requests that the Court deny Defendants' Motion to Dismiss as to Counts II and VI in the Amended Complaint.

## STANDARD OF REVIEW

Because American Oversight does not oppose dismissal of Count I, Defendants' subject matter jurisdiction arguments are inapplicable and the remainder of their motion is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure because it asserts that the Amended Complaint fails to state claims upon which relief can be granted. Defs.' MTD Mem. 18, 20–23,

ECF No. 39-1. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint, and the moving party bears the burden of demonstrating the complaint's legal insufficiency. *Brown v. Gov't of D.C.*, 390 F. Supp. 3d 114, 122 (D.D.C. 2019).

"A complaint serves the specific functions of giving notice of the general nature of the case and the circumstances or events upon which it is based, so the parties can prepare and the court can dispose of the case properly." *Id.* (citation modified and internal quotations omitted). "Although detailed factual allegations are not necessary to withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Citizens for Resp. & Ethics in Wash. v. Pruitt*, 319 F. Supp. 3d 252, 256 (D.D.C. 2018) (internal quotations omitted). On a motion to dismiss, the Court must "accept as true all of the allegations contained in [the] complaint," save for legal conclusions. *Brown*, 390 F. Supp. 3d at 122 (internal quotations omitted). And, at this stage, American Oversight is "entitled to the benefit of all reasonable inferences. . . ." *Competitive Enter. Inst. v. U.S. Envir. Protec. Agency ("EPA")*, 67 F. Supp. 3d 23, 34 (D.D.C. 2014).

## ARGUMENT

I.  **THE COURT SHOULD DENY DEFENDANTS' MOTION AS TO COUNT II OF THE AMENDED COMPLAINT BECAUSE AMERICAN OVERSIGHT SUFFICIENTLY ALLEGES THAT AGENCY-HEAD DEFENDANTS VIOLATED 44 U.S.C. § 3106(a) BY FAILING TO NOTIFY THE ACTING ARCHIVIST OF SIGNAL CHATS AT RISK OF DELETION.**

This Court has already concluded that American Oversight "is likely to succeed in showing that there are FRA-noncompliant Signal chats, [and] that agency-head Defendants have not fulfilled their mandatory duty to notify [Acting Archivist] Rubio of their existence," as required by 44 U.S.C. § 3106(a). Mem. Op. 18, ECF No. 36; *see also* Am. Compl. ¶¶ 167–78, ECF No. 17. The Court based its conclusion on its reading of the Amended Complaint, which alleges that "agency-head Defendants were or are part of [Signal] chats set to auto-delete and . . . 'that the use

3

of Signal to conduct official government business' is — or at least was — 'widespread' among senior Administration officials, including Defendants." Mem. Op.at 17 (quoting Am. Compl. ¶¶ 16, 78–80, nn. 12–14, ECF No. 17). Further, American Oversight has alleged that agency-head Defendants have used Signal on their personal accounts and devices for purposes of conducting government business, an act that constitutes "unlawful removal" of records, necessitating the requisite notice under § 3106(a). *See* Am. Compl. ¶¶ 86–91, ECF No. 17; *see Cause of Action Inst. v. Tillerson*, 285 F. Supp. 3d 201, 203 (D.D.C. 2018) (explaining that the Secretary of State's "work-related email on a personal email account" is unauthorized removal because "those emails constitute federal records, which by law should remain in the custody of the federal government"). These allegations are plainly sufficient to state a claim that the agency-head Defendants have failed to meet their statutory obligations under § 3106(a). *See Project on Gov't Oversight, Inc. v. NARA*, No. 23-cv-2564 (DLF), 2024 WL 4286109, at *4 (D.D.C. Sep. 25, 2024) ("The head of a federal agency who becomes aware of 'any actual, impending, or *threatened* unlawful removal, defacing, alteration, or destruction of records in the custody of the agency' must alert the Archivist. . . . 44 U.S.C. § 3106(a)." (emphasis in original)).

Defendants acknowledge the Court's finding that American Oversight is likely to succeed on the merits of Count II, and they do not meaningfully reject the legal sufficiency of American Oversight's allegations. *See* Defs.' MTD Mem. 20–22, ECF No. 39-1. Instead, to support their argument that the Amended Complaint fails to state a claim upon which relief can be granted, Defendants inappropriately look beyond the four corners of the Amended Complaint—ignoring the standard of review at the pleading stage; incorrectly challenge allegations based on information and belief; and ask the Court to ignore the well pled allegations in favor of the blanket application

of an inapplicable presumption. *See id.* The Court should reject these tactics and Defendants' argument.

First, Defendants look beyond the four corners of the Amended Complaint and insist that an unsworn statement in a status report after the preliminary injunction hearing renders the Amended Complaint's allegations insufficient. *See id.* (citing Defs.' Status Report, ECF No. 38). Specifically, Defendants assert that Count II should be dismissed because "the agency-head Defendants or their staff confirmed that they are not aware of any Signal messages of agency-head Defendants containing federal records that are at risk of imminent deletion. . . ." *Id.* at 21.

However, at this stage, the Court cannot consider statements outside the pleadings, and it must accept American Oversight's factual allegations as true. "[W]hen resolving a motion to dismiss under Rule 12(b)(6), a court is limited to the four corners of the complaint, as well as any documents attached as exhibits or incorporated by reference in the complaint, documents upon which the plaintiff's complaint necessarily relies, . . . and facts of which the Court may take judicial notice. . . ." *Brown*, 390 F. Supp. 3d at 122 (internal quotes and citations omitted). Further, the Court "must accept as true all of the [factual] allegations contained in the complaint. . . ." *Id.* (internal quotations omitted). In other words, "a defendant cannot ignore, or contradict, a complaint's factual allegations in a bid to seek its dismissal, no matter how strong the defendant's merits arguments might be." *Id.* at 126.

Here, American Oversight has alleged that agency-head Defendants are involved in multiple Signal chats containing federal records set to auto-delete and that agency-head Defendants have failed to notify Acting Archivist Rubio of those records. *See* Am. Compl. ¶¶ 16, 78, 80–92, 170, ECF No. 17. Defendants cannot meet their "burden of demonstrating that [American Oversight's] complaint is legally insufficient" by simply refuting those allegations via

the unsworn statement in their status report, *see Brown*, 390 F. Supp. 3d at 122, particularly where Defendants previously admitted that Signal messages have been lost and American Oversight has not had the opportunity to probe the sufficiency or veracity of the new representation, *see, e.g.*, Am. Compl. ¶¶ 68–69, ECF No. 17. In fact, Defendants' reliance on their unsworn status report only emphasizes American Oversight's need for discovery, as the Court acknowledged in passing during the March 27, 2025 temporary restraining order hearing. *See* Hr'g Tr. 12:1–13, Mar. 27, 2025 ("[I]f it looks like there is continued inappropriate use and the policies . . . do not cover it accurately, then I think you would be back here and could then seek some discovery."). Thus, consistent with the findings and reasoning in its ruling on American Oversight's motion for preliminary injunction, the Court should again hold here that American Oversight has sufficiently pled that the agency-head Defendants have violated § 3106(a) by failing to notify the Acting Archivist of existing federal records contained in Signal messages at risk of deletion. *See* Mem. Op. 18, ECF No. 36.

Relatedly, Defendants' status report cannot form the basis for findings that American Oversight's claims are moot or not redressable.[2] The status report is silent as to the allegations that agency-head Defendants access Signal via personal accounts and devices, *see* Am. Compl. ¶¶ 86–92, ECF No. 17, such that notice to the Acting Archivist and subsequent referral to the Attorney General could offer redress to American Oversight by recovering those federal records existing on non-governmental platforms, *see, e.g.*, *Cause of Action Institute*, 285 F. Supp. 3d at 207–08 (discussing how referral under § 3106 may result in recovery of emails from a personal account).

---

[2] Defendants' arguments relating to mootness and redressability only applied to claims that American Oversight are no longer pursuing. Defs.' MTD Mem. 18–19, ECF No. 39-1. American Oversight briefly addresses those issues as to the remaining claims solely to avoid waiver in the event that Defendants raise those issues for the first time in their reply.

Similarly, the status report cannot render this action moot because American Oversight's allegations establish that Signal and its auto-delete function are so widely used by agency-head Defendants that the loss of Signal records—like the loss of the Houthi PC Small Group Chat—is likely to happen quickly and repeatedly, thereby continually depriving American Oversight of access to federal records through FOIA. *See* Am. Compl. ¶¶ 11, 16, 78, 147, 183, ECF No. 17; *Reid v. Hurwitz*, 920 F.3d 828, 832–33 (D.C. Cir. 2019) (explaining that the mootness exception applies when the duration of the challenged action is too short to be fully litigated before it ceases or expires, and there is a reasonable expectation that the plaintiff will be subject to the same action again). This repetitive injury further reinforces the redressability of American Oversight's claims relating to existing Signal messages at risk of automatic deletion.

Second, Defendants generically oppose American Oversight's allegations premised on "information and belief," Defs.' MTD Mem. 21, ECF No. 39-1, even though "[a] plaintiff . . . may plead on 'information and belief' 'where the facts are peculiarly within the possession and control of the defendant,'" *Kelleher v. Dream Catcher, L.L.C.*, 263 F. Supp. 3d 322, 325 (D.D.C. 2017) (denying a motion to dismiss as to a claim of alter ego liability pled in part on information and belief) (quoting *Evangelou v. D.C.*, 901 F. Supp. 2d 159, 170 (D.D.C. 2012)). Here, American Oversight's allegations concern matters that are clearly within the exclusive possession and control of agency-head Defendants because the facts relate to their direct use of an encrypted, non-governmental messaging application, including on personal accounts and devices. *See* Am. Compl. ¶¶ 1–2, 8, 14–17, 68–69, ECF No. 17.

For instance, American Oversight alleged on information and belief that "the auto-delete function has been enabled" in the agency-head Defendants' Signal chats, "raising the threat of automated deletion of sensitive government communications and federal records." Am. Compl.

7

¶ 92, ECF No. 17. Whether the auto-delete function is enabled in agency-head Defendants' Signal chats is a fact *exclusively* within each agency-head Defendant's possession and control, as evidenced by common sense and by Defendants' repeated reference to their own extra-pleading statement made through their attorneys. *See, e.g.*, Defs.' MTD Mem. 7, 18, 21, ECF No. 39-1 (citing Defs.' Status Report, ECF No. 38). Nonetheless, American Oversight's allegation on information and belief is buttressed by additional allegations. Specifically, American Oversight cites to sworn congressional testimony and reliable news reporting that: Signal is pre-installed on government phones and widely used by Administration officials, including Defendants; Defendants' Signal chats, including the Houthi PC Small Group Chat, engaged the auto-delete function and records from that chat were consequently lost; every agency-head Defendant lost at least some portion of the Houthi PC Small Group Chat; and CIA Director Ratcliffe lost all substantive messages from the Houthi PC Small Group Chat. Am. Compl. ¶¶ 8, 60–61, 73, 78, 80, 82, 151–52, 158, ECF No. 17. American Oversight's allegations—including those pled on information and belief—are entitled to the benefit of all reasonable inferences. *Competitive Enter. Inst. v. EPA*, 67 F. Supp. 3d at 34. In this case, American Oversight's collective allegations on this topic raises a reasonable inference that auto-delete is enabled for at least some relevant Signal chats, supporting the claim that records are at imminent risk of loss and Defendants' § 3106 obligations apply. Defendants' vague challenge to American Oversight's allegations premised on information and belief therefore fails.

Third, Defendants' argument that they are entitled to a presumption of compliance with agency policy fails because American Oversight's allegations premised on sworn testimony and news reporting plainly rebut that presumption. *Competitive Enterprise Institute v. EPA*

demonstrates why American Oversight's § 3106 claims are sufficiently pled. 67 F. Supp. 3d 23.[3]

In that case, the court permitted the plaintiff to proceed on enforcement claims under § 3106 but

dismissed a claim challenging the alleged pattern and practice of destroying of agency text

messages in contravention of agency policy. *Id.* at 32–34. The court concluded that the plaintiff's

pattern-and-practice claim did not overcome the presumption of compliance, because it did not

"allege[ ] any specific incidents in which [agency] Administrators purposefully evaded agency

duties under [the] FRA." *Id.* at 33. By contrast, the court permitted the § 3106 claim to proceed,

rejecting the government's argument that "the Agency was under no obligation to notify the

Archivist [of deleted text messages,] because 'the destruction of those messages would not have

been unlawful if the . . . employee properly preserved the text messages in another format.'" *Id.* at

34 (quoting the agency's reply brief). The court reasoned that the government's argument

"require[d] more demanding scrutiny than is warranted" at the pleading stage, concluding that the

plaintiff had "adequately alleged that [the agency] failed to notify the Archivist." *Id.*

Here, American Oversight's § 3106 allegations are even more robust than those in

*Competitive Enterprise Institute v. EPA*, and they explicitly rebut any presumption of compliance.

In the Freedom of Information Act context, "even evidence of a single agency record 'on a personal

---

[3] The cases on which Defendants rely do not involve claims brought under § 3106 of the Federal Records Act—let alone contexts where the presumption has been rebutted—and are accordingly inapposite. *See* Defs.' MTD Mem. 22, ECF No. 39-1 (citing *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y ("OSTP")*, 241 F. Supp. 3d 14, 21–23 (D.D.C. 2014) (rejecting a FOIA plaintiff's request that the government reproduce records from a private server in light of evidence that the government actor previously preserved records from the private server 4,500 times); *Comcast Corp. v. F.C.C.*, 526 F.3d 763, 769 n.2 (D.C. Cir. 2008) (mentioning in passing the presumption of good faith in an administrative action regarding the Telecommunications Act of 1996); *Thomas v. Baker*, 925 F.2d 1523, 1525 (D.C. Cir. 1991) (discussing the presumption of good faith in a foreign service officer's action challenging his discharge); *Adair v. England*, 183 F. Supp. 2d 31, 60 (D.D.C. 2002) (discussing the presumption of good faith in a constitutional challenge to a Navy policy)).

account is sufficient to raise a question of compliance with recordkeeping obligations, rendering the presumption of compliance inapplicable . . . ." *Democracy Forward Found.. v. U.S. Dep't of Com.*, 474 F. Supp. 3d 69, 74 (D.D.C. 2020) (emphasis added) (quoting *Brennan Ctr. for Justice at N.Y.U. Sch. of L. v. U.S. Dep't of Just.*, 377 F. Supp. 3d 428, 435 (S.D.N.Y. 2019)). In its Amended Complaint, American Oversight alleges that the agency-head Defendants used Signal to create agency records via personal accounts and devices, rendering the presumption of compliance inapplicable. *See* Am. Compl. ¶¶ 15, 73, 86–91, ECF No. 17. For example, the Amended Complaint cites a sworn declaration from a CIA staff member that explicitly confirms that Director Ratcliffe used his "personal Signal account" to conduct government business, including his participation in a Signal chat group—the Houthi PC Small Group Chat—where he failed to preserve any substantive communications. *See id.* ¶ 73 (citing Suppl. Blankenship Decl. ¶ 4, ECF No. 15-3). Similarly, the Amended Complaint cites reliable reporting that Secretary Hegseth used his personal device to access his so-called "Defense | Team Huddle" Signal chat. Am. Compl. ¶¶ 13–15, ECF No. 17. Moreover, in contrast to *Competitive Enterprise Institute v. OSTP*, where the government submitted voluminous evidence of prior compliance with agency recordkeeping policies, *see* 241 F. Supp. 3d 14, 21–23, the Amended Complaint alleges that each of the agency-head Defendants and Archivist Rubio have previously lost federal records through Signal's auto-delete function, are aware that multiple Signal chats remain subject to automatic deletion, and have nonetheless failed to follow their statutorily mandated notification and referral obligations under § 3106, Am. Compl. ¶¶ 11, 60, 63, 69, 92, 98, 155–66, 214, ECF No. 17. The allegations in the Amended Complaint clearly rebut the presumption of compliance, and Defendants cannot hide behind it to dodge accountability on a claim that the Court has already found is likely to succeed on the merits.

10

In short, Defendants' meager challenge to the legal sufficiency of Count II of the Amended Complaint does not hold up to scrutiny and fails to satisfy Defendants' burden. Accordingly, the Court should deny Defendants' motion and, in accordance with its findings at the preliminary injunction stage, permit American Oversight to proceed on its claim that agency-head Defendants violated 44 U.S.C. § 3106(a) by failing to notify the Acting Archivist of existing FRA-noncompliant Signal messages.

## II.    THE COURT SHOULD DENY DEFENDANTS' MOTION AS TO COUNT VI OF THE AMENDED COMPLAINT BECAUSE AMERICAN OVERSIGHT SUFFICIENTLY ALLEGES THAT ACTING ARCHIVIST RUBIO VIOLATED 44 U.S.C. § 3106(b) BY FAILING TO REQUEST THAT THE ATTORNEY GENERAL INITIATE AN ACTION FOR RECOVERY OR OTHER REDRESS REGARDING SIGNAL CHATS AT RISK OF DELETION.

In ruling on Plaintiff's motion for preliminary injunction, this Court has already held that Plaintiff's Amended Complaint sufficiently alleges that "there are FRA-noncompliant Signal chats . . . and that [Acting Archivist] Rubio has . . . neglected to fulfill his duty to ask the Attorney General to ensure the preservation of the messages contained therein." Mem. Op. 18, ECF No. 36. Defendants present no reason to reach a contrary conclusion in the motion to dismiss context—because no such reason exists. The motion to dismiss as to Count VI should be denied.

To state a claim against NARA and Acting Archivist Rubio, American Oversight merely needs to proffer allegations that "(1) identify records that fall under the FRA; (2) allege that those records are being removed or destroyed in violation of the FRA; and (3) allege that . . . Archivist knew about the FRA violations and yet failed to initiate corrective action." *Price v. United States Dep't of Just.*, No. 18-cv-1339 (CRC), 2019 WL 2526439, at *6 (D.D.C. June 19, 2019).

The allegations in the Amended Complaint plainly establish these elements. American Oversight has alleged the widespread existence of Signal chats exchanged by Defendants. *See* Am. Compl. ¶¶ 76–84, ECF No. 17. These allegations are more than plausible—indeed, Defendants do

11

not deny them. *See* Mem. Op. 17, ECF No. 36 ("Defendants do not meaningfully contest the[ ] claims" that "agency-head Defendants were or are part of chats set to auto-delete and that [Acting Archivist] Rubio is already aware of some of these chats."). These chats constitute government records because they are communications sent by agency heads conducting government business. *See* 44 U.S.C.A. § 3301(a)(1)(A) (defining "record" under the FRA). Further, American Oversight alleges that Defendants have exchanged these records through Signal on personal devices. *See* Am. Compl. ¶¶ 86, 88, 90, ECF No. 17.

American Oversight also alleges that such records are at risk of imminent deletion. *Id.* ¶¶ 181–82, 187–88; *see also id.* ¶¶ 73, 151, 158 (alleging that all Defendants lost at least some portion of the Houthi PC Small Group Chat, raising the reasonable inference that other Signal chats are similarly at risk of deletion). Furthermore, the use of non-government applications and personal devices to transmit and store government records constitutes an "unlawful removal" of those records. *See Cause of Action Inst.*, 285 F. Supp. 3d at 203 (quoting 44. U.S.C.§ 2905(a)). Therefore, even absent American Oversight's allegations that such records are at risk of deletion, Defendants are incorrect that the Amended Complaint fails to allege unlawful conduct triggering a duty to refer the matter. *See* Defs.' MTD Mem. 23, ECF No. 39-1. Additionally, American Oversight has alleged that NARA and Acting Archivist Rubio were aware of this unauthorized removal and failed to initiate corrective action through referral to the Attorney General. *See* Am. Compl. ¶¶ 201–05, 210–15, ECF No. 17.

These allegations clearly state a claim under § 3106(b), consistent with the Court's analysis of American Oversight's likelihood of success on the merits of its claims against NARA and Acting Archivist Rubio:

> This Court thus concludes that American Oversight's contemplated
> injury relating to non-deleted messages can be sufficiently redressed

by ordering notification of the Archivist and referral to the Attorney General. Because the record also shows that Defendants have not complied with these notification and referral requirements, Plaintiff is likely to succeed on the merits of its enforcement-action claim.

Mem. Op. 22, ECF No. 36.

Accordingly, because the four corners of the Amended Complaint contain allegations plausibly claiming that NARA and Acting Archivist Rubio have failed to initiate enforcement action through referral to the Attorney General concerning existing Signal chats at risk of deletion, the Court should deny Defendants' motion to dismiss as to Count VI.

## CONCLUSION

Based on the foregoing and all other materials in the record, American Oversight respectfully requests that the Court deny Defendants' Motion to Dismiss, ECF No. 39, as to Count II and Count VI of the Amended Complaint, ECF No. 17.

Dated: July 31, 2025

Respectfully submitted,

*/s/ Benjamin A. Sparks*
Benjamin A. Sparks
D.C. Bar No. 90020649
Ronald A. Fein
D.C. Bar No. 90026641
Katherine M. Anthony
D.C. Bar No. 1630524
Emma Lewis
D.C. Bar No. 144574

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741
ben.sparks@americanoversight.org
ron.fein@americanoversight.org
katherine.anthony@americanoversight.org
emma.lewis@americanoversight.org
*Counsel for Plaintiff*