**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, ) <br> ) <br>    *Plaintiff*, ) <br> ) <br>    v. ) <br> ) <br> PETE HEGSETH, in his official capacity as ) <br> Secretary of Defense et al., ) <br> ) <br>    *Defendants*. ) <br> ) | Civil Action No. 25-cv-883-JEB |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................... 1

    I.     Count II Should Be Dismissed............................................................................... 1

    II.    Count VI Should Be Dismissed ............................................................................ 8

CONCLUSION........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Adair v. England*,
 183 F. Supp. 2d 31 (D.D.C. 2002) .................................................................................... 7

*\* Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................... 4, 5, 8, 10

*Baker v. Henderson*,
 150 F. Supp. 2d 17 (D.D.C. 2001) .................................................................................... 4

*Bancroft Glob. Dev. v. United States*,
 330 F. Supp. 3d 82 (D.D.C. 2018) .................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ....................................................................................................... 8, 9

*Black v. Arthur*,
 18 F. Supp. 2d 1127 (D. Or. 1998) ................................................................................... 3

*Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. U.S. Dep't of Just.*,
 377 F. Supp. 3d 428 (SDNY 2019) .................................................................................. 7

*Competitive Enter. Inst. v. Off. of Sci. & Tech. Policy*,
 241 F. Supp. 3d 14 (D.D.C. 2017) ................................................................................ 7-8

*Citizens for Resp. & Ethics in Wash. v. DHS*,
 387 F. Supp. 3d 33 (D.D.C. 2019), *judgment amended*, No. 18-2473 (RC), 2019 WL
 11307644 (D.D.C. July 29, 2022) .................................................................................... 2

*\* Citizens for Resp. & Ethics in Wash v. Pompeo*,
 No. 19-cv-3324 (JEB), 2020 WL 1667638 (D.D.C. Apr. 3, 2020) ................................. 4, 5, 10

*Citizens for Resp. & Ethics in Wash v. Pompeo*,
 No. 19-cv-3324 (JEB), 2020 WL 574810 (D.D.C. Sept. 25, 2020) .................................. 5

*Democracy Forward Found. v. U.S. Dep't of Com.*,
 474 F. Supp. 3d 69 (D.D.C. 2020) ................................................................................. 6, 7

*EEOC v. St. Francis Xavier Parochial Sch.*,
 117 F. 3d 621 (D.C. Cir. 1997) ........................................................................................ 3

*Evangelou v. District of Columbia*,
 901 F. Supp. 2d 159 (D.D.C 2012) ................................................................................... 5

*Jane Does I through III v. District of Columbia*,
 238 F. Supp. 2d 212 (D.D.C. 2002) .................................................................................. 3

*Judicial Watch, Inc. v. FBI*,
  No. 18-cv-2316, 2019 WL 4194501 (D.D.C. Sept. 4, 2019) .................................................. 5, 8

*Judicial Watch, Inc. v. U.S. Dep't of Justice*,
  319 F. Supp. 3d 431 (D.D.C. 2018) ............................................................................................ 7

*Koutny v. Martin*,
  530 F. Supp. 2d 84 (D.D.C. 2007) ......................................................................................... 3-4

*Price v. U.S. Dep't of Just.*,
  No. 18-cv-1339 (CRC), 2019 WL 2526439 (D.D.C. June 19, 2019) ............................... 3, 9, 10

*Project on Gov't Oversight, Inc. v. U.S. Dep't of the Treasury*,
  No. 21-cv-2797 (DLF), 2022 WL 17719571 (D.D.C. Dec. 15, 2022) ....................................... 8

*Trudeau v. FTC*,
  456 F.3d 178 (D.C. Cir. 2006) ................................................................................................. 10

*Vasser v. McDonald*,
  228 F. Supp. 3d 1 (D.D.C. 2016) ........................................................................................... 3, 4


**Statutes**

44 U.S.C. § 2911 .............................................................................................................. 6, 7, 9

44 U.S.C. § 3106 ............................................................................................................... *passim*


**Rules**

Fed. R. Civ. P. 8 ........................................................................................................................ 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1

**Docket**

Am. Compl., ECF No. 17 .................................................................................................. 2, 6

Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss ("Def. Mem."), ECF No. 39-1 .................. *passim*

Defs.' Status Report, June 27, 2025, ECF No. 38 ....................................................... 3, 5

Pl.'s Mem. of L. in Opp'n to Defs.' Mot. to Dismiss ("P. Opp'n"), ECF No. 41 ................. *passim*

Pl.'s Mot. for Prelim. Inj., ECF No. 19 ................................................................................ 3

Op., June 20, 2025, ECF No. 36 ........................................................................................ 2

Order, June 20, 2025, ECF No. 35 ..................................................................................... 3

**Other Authorities**

U.S. Nat'l Archives & Records Admin., AC 23.2025, Recordkeeping Requirements for Records Created on Third-Party Messaging Applications (May 2, 2025), https://www.archives.gov/records-mgmt/memos/ac-23-2025 ....................................................... 6

**INTRODUCTION**

In response to Defendants' Motion to Dismiss, ECF No. 39, Plaintiff now concedes that all but Counts II and VI of the Amended Complaint should be dismissed. The remaining Counts II and VI seek to compel enforcement action by the agency-head Defendants and the Acting Archivist, respectively, concerning other Signal chats that Plaintiff speculates exist, contain federal records, and are at risk of not being preserved in compliance with the Federal Records Act ("FRA"). This Court should dismiss the remaining two counts for failure to state a claim under 44 U.S.C. § 3106 because Plaintiff has failed to allege a sufficient factual basis. To survive the motion to dismiss, Plaintiff asks the Court to draw favorable inferences from vague and speculative allegations based largely on information and belief. While Plaintiff has narrowed the issues remaining in dispute by abandoning Counts I, III, IV, and V, Plaintiff's response to Defendants' Motion to Dismiss fails to refute the insufficiency of Counts II and VI. The Court therefore should dismiss the case in its entirety for failure to state a claim.

**ARGUMENT**

As noted, Defendants moved to dismiss the Amended Complaint in its entirety for failure to state a claim and for lack of subject matter jurisdiction. Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss ("Def. Mem.") at 1, ECF No. 39-1. In response, Plaintiff concedes that it does not oppose dismissal of Counts I, III, IV, and V. Pl.'s Mem. of L. in Opp'n to Defs.' Mot. to Dismiss ("P. Opp'n"). at 1 n.1, ECF No. 41. The two remaining claims at issue, Counts II and VI, also should be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

**I.    Count II Should Be Dismissed**

Defendants demonstrated in their opening memorandum that Count II, seeking declaratory and injunctive relief against the agency-head Defendants under 44 U.S.C. § 3106(a) for initiation

of enforcement and recovery actions with respect to "other Signal chats," Am. Compl. ¶¶ 167-178, ECF No. 17, should be dismissed in its entirety for failure to state a claim. Def. Mem. at 20-22. Indeed, this Court has already held that relief is not available with respect to the claim for initiation of recovery actions. Op. at 15-16, June 20, 2025, ECF No. 36. As the Court explained, "§ 3106(a)'s initiation obligation does not apply," and Plaintiff cannot "conceivably proceed . . . on its claim that the agency-head Defendants must initiate a recovery action themselves." *Id*. at 16. Further, Defendants have demonstrated that Plaintiff has failed to allege facts plausibly stating a claim for initiation of enforcement actions because Plaintiff relies on mere speculation and attenuated inference, rather than specific allegations, to suggest the existence of federal records in other Signal chats at risk of imminent deletion and noncompliance with the FRA. Def. Mem. at 20-22.

In response, Plaintiff argues that it has pled sufficient facts supporting its claim under 44 U.S.C. § 3106(a). P. Opp'n at 3-11. As Plaintiff notes, at the preliminary injunction stage, this Court found a likelihood of success on the merits because the Court at that time was not "convinced" that Defendants' efforts to preserve the Houthi Chat, which had been the initial focus of this litigation, were enough to "compel the conclusion that they are *ex ante* complying with the FRA in all other chats." Op. at 17-18, June 20, 2025, ECF No. 36. Nonetheless, a different standard applies at this stage, as "[a] motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim." *Citizens for Resp. & Ethics in Wash. ("CREW") v. DHS*, 387 F. Supp. 3d 33, 43 (D.D.C. 2019), *judgment amended*, No. 18-2473 (RC), 2019 WL 11307644 (D.D.C. July 29, 2022). To state a claim for relief under section 3106, a plaintiff "must convincingly (1) identify records that fall under the FRA; (2) allege that those records are being removed or destroyed in violation of the

2

FRA; and (3) allege that the relevant agency head . . . knew about the FRA violations and yet failed to initiate corrective action." *Price v. U.S. Dep't of Just.*, No. 18-cv-1339 (CRC), 2019 WL 2526439, at *6 (D.D.C. June 19, 2019).

Plaintiff first argues that Defendants' motion to dismiss improperly relies on Defendants' own status report in this case, which Plaintiff argues the Court cannot consider because it is not cited in the Amended Complaint nor does it include a sworn statement. P. Opp'n at 5. In considering a Rule 12(b)(6) challenge, however, a court may consider the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record. *See, e.g.*, *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997); *Jane Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216 (D.D.C. 2002) ("As far as what constitutes a matter 'outside the pleadings,' it is well established that courts 'are allowed to take judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation' without triggering the conversion requirement." (quoting *Black v. Arthur*, 18 F. Supp. 2d 1127, 1131 (D. Or. 1998))).

Here, Defendants filed the referenced June 27 status report pursuant to the Court's Order entered June 20, 2025, ECF No. 35, granting in part and denying in part Plaintiff's Motion for a Preliminary Injunction, ECF No. 19. Defendants' opening memorandum referred to the statement in the June 27 status report in which the respective agencies reported that they were not aware of any records at imminent risk of deletion. Def. Mem. at 7; Def.'s Status Report at 1, June 27, 2025, ECF No. 38. Having required Defendants to submit this status report, logically the Court may take judicial notice of Defendants' response, a publicly filed document on the record in this matter. *See, e.g.*, *Vasser v. McDonald*, 228 F. Supp. 3d 1, 9-11 (D.D.C. 2016) (collecting cases)); *Koutny v.*

3

*Martin*, 530 F. Supp. 2d 84, 89 (D.D.C. 2007) ("[C]ourt[s] may take judicial notice of matters of a general public nature . . . without converting the motion to dismiss into one for summary judgment." (quoting *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001))). And the cited statement in the status report pertains to the plausibility of the remaining claims in Count II as well as Count VI, as an imminent risk of deletion is a predicate for enforcement action under section 3106. *See, e.g.*, *CREW v. Pompeo*, No. 19-cv-3324 (JEB), 2020 WL 1667638, at *3 (D.D.C. Apr. 3, 2020) ("our Circuit recognized two APA-based challenges that courts may entertain regarding the FRA[,]" including alleged "failure to take enforcement actions required by the Act"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."); *Vasser*, 228 F. Supp. 3d at 10 (reasoning that, in the context of EEO litigation, "[i]f courts could not take judicial notice of such public documents, plaintiffs who obviously had not complied with the administrative-exhaustion process could survive motions to dismiss purely by failing to attach their administrative complaint").

Plaintiff next argues that Count II should be allowed to proceed to afford Plaintiff "the opportunity to probe the sufficiency or veracity" of the agency-head Defendants' response to the Court's Order. P. Opp'n at 6. But Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79; *CREW v. Pompeo*, No. 19-cv-3324 (JEB), 2020 WL 1667638, at *3 (D.D.C. Apr. 3, 2020). To the contrary, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff's suggestion that Count II should survive a motion to dismiss so that Plaintiff

4

can take discovery is particularly inapt here, in the context of an Administrative Procedure Act claim under the FRA. *See CREW v. Pompeo*, 2020 WL 1667638, at *3.

Additionally, Plaintiff argues that its numerous allegations based purely on "information and belief" suffice to survive a motion to dismiss. P. Opp'n at 7. But Plaintiff cannot "surmount the pleading hurdle simply by alleging unspecified 'information and belief'" that federal records exist that will not be preserved in accordance with the FRA. *CREW v. Pompeo*, No. 19-cv-3324 (JEB), 2020 WL 574810, at *7 (D.D.C. Sept. 25, 2020) (citation omitted). Although Plaintiffs generally may plead "facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible," *Evangelou v. District of Columbia*, 901 F. Supp. 2d 159, 170 (D.D.C 2012) (cleaned up), the Court may nonetheless dismiss such claims when "the factual information pled does not enable the Court to 'draw' Plaintiffs' desired 'reasonable inference,'" *CREW v. Pompeo*, 2020 WL 574810, at *7 (quoting *Iqbal*, 556 U.S. at 678). *Compare Evangelou*, 901 F. Supp. 2d at 170 (plaintiff pled specific facts that yielded inference regarding former employer's motivation for firing him); *Bancroft Glob. Dev. v. United States*, 330 F. Supp. 3d 82, 102 (D.D.C. 2018) (plaintiff identified precise individual to whom unlawful disclosure was allegedly made, along with approximate timeframe).

In this case, Plaintiff's undue reliance upon "information and belief" leaves insufficient factual allegations to support the inferences about the existence of records at risk of imminent deletion and noncompliance with the FRA. P. Opp'n at 7-8; *cf.* Def. Mem. at 21; Def.'s Status Report at 1, June 27, 2025, ECF No. 38. Plaintiff's reliance on such speculation is insufficient to state a claim that is plausible on its face. *See, e.g., Judicial Watch, Inc. v. FBI*, No. 18-cv-2316, 2019 WL 4194501, at *9 (D.D.C. Sept. 4, 2019) ("Without more precise factual allegations . . .

5

Plaintiff's claims amount to conclusory allegations" and "[t]hese sorts of legal conclusions, standing alone, will not suffice to withstand a motion to dismiss."). For instance, Plaintiff relies heavily upon "sworn congressional testimony and reliable news reporting that: Signal is pre-installed on government phones and widely used by Administration officials." P. Opp'n at 8. But, even assuming this to be true, the FRA does not prohibit the use of electronic messaging such as Signal. *See, e.g.*, Def. Mem. at 21; 44 U.S.C. § 2911(a) (allowing use of a private electronic messaging account as long as an official account is copied or the message is forwarded to an official account within 20 days); U.S. Nat'l Archives & Records Admin., AC 23.2025, Recordkeeping Requirements for Records Created on Third-Party Messaging Applications (May 2, 2025), https://www.archives.gov/records-mgmt/memos/ac-23-2025. Plaintiff's allegations thus fall short of plausibly pleading a violation of the FRA as an element of the claim under 44 U.S.C. § 3106(a). P. Opp'n at 8.

For similar reasons, Plaintiff's allegations concerning generic statements in congressional testimony and news reports suggesting that agency-head Defendants use Signal fails to rebut the presumption of compliance with federal recordkeeping requirements. P. Opp'n at 8-10. Plaintiff's argument that such sources suggest "the agency-head Defendants used Signal to create agency records via personal accounts and devices" is insufficient to "render[] the presumption of compliance inapplicable." *Id.* at 10 (citing Am. Compl. ¶¶ 15, 73, 86-91, then quoting *Democracy Forward Found. v. U.S. Dep't of Com.*, 474 F. Supp. 3d 69, 74 (D.D.C. 2020)). Even assuming the truth of this allegation, it would not rebut the presumption because the FRA allows the use of Signal via personal accounts, provided that records are preserved in federal recordkeeping systems within 20 days. 44 U.S.C. § 2911(a).

Moreover, Plaintiff misplaces reliance on *Democracy Forward Foundation*, a FOIA case concerning "whether Commerce conducted an adequate search when it declined to search the Secretary's primary personal email account" for responsive records. *Democracy Forward Found.*, 474 F. Supp. 3d at 73. Even in that case, the court acknowledged that "[g]overnment officials are 'presumed to have properly discharged the duty to forward official business communications from a personal email account to an official email account[,]'" *id.* at 74 (quoting *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 319 F. Supp. 3d 431, 437-38 (D.D.C. 2018) (citing cases)), and overcoming that presumption requires "something more than pure speculation." *Id.* (quoting *Competitive Enter. Inst. v. Off. of Sci. & Tech. Policy*, 241 F. Supp. 3d 14, 22 (D.D.C. 2017)). The parties in that case, however, "agree[d] that the presumption of compliance does not apply" because "Commerce acknowledges that the Secretary did not comply with 44 U.S.C. § 2911(a), the federal recordkeeping law, but the parties dispute[d] how often this occurred[.]" *Id.* Thus, the court concluded that because the agency "acknowledges that the Secretary used his primary personal email account for official business without complying with federal recordkeeping requirements" and "[y]et it limited its search only to official email accounts[,]" the agency's FOIA "search was not 'reasonably calculated' to uncover all relevant documents." *Id.* at 76 (citing *Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. U.S. Dep't of Just.*, 377 F. Supp. 3d 428, 435 (S.D.N.Y. 2019) (search of personal email accounts was reasonable where "[t]he record is clear" that official business emails were sent on employees' personal accounts and at least one employee had failed to timely forward emails to his official account). Such reasoning from FOIA litigation is thus inapposite to Plaintiff's FRA claims, which, by contrast, are based on "highly speculative" allegations that records exist in other Signal chats which might not be preserved in compliance with the FRA. *Adair v. England*, 183 F. Supp. 2d 31, 60 (D.D.C. 2002); *Competitive Enter. Inst.*,

7

241 F. Supp. 3d at 22; *see also Project on Gov't Oversight, Inc. v. U.S. Dep't of the Treasury*, No. 21-cv-2797 (DLF), 2022 WL 17719571, at *3 (D.D.C. Dec. 15, 2022) ("POGO's argument that Treasury has failed to offer evidence that its email policy was followed . . . improperly shifts the burden to Treasury.").

Furthermore, Count II fails to state a claim because it relies unduly upon vague generalities rather than concrete factual allegations. *Judicial Watch*, 2019 WL 4194501, at *9 (requiring "precise factual allegations" to state a claim under the FRA). Count II relies instead upon vague speculation and inference based on news reports, which Plaintiff argues are sufficient to suggest the likelihood that records generally exist in other Signal chats and are likely not to be preserved in compliance with the FRA. Particularly in light of the presumption of regularity, Plaintiff's proposed inference of the possibility of noncompliance is insufficient to plead a plausible claim to compel enforcement action under 44 U.S.C. § 3106(a). *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))).

For all these reasons, Count II fails to state a claim upon which relief can be granted and therefore should be dismissed.

**II.** **Count VI Should Be Dismissed**

Similarly, the Court should dismiss Count VI, which seeks declaratory and injunctive relief against NARA and the Acting Archivist under 44 U.S.C. § 3106(b). Defendants previously showed that Plaintiff fails to state a claim against NARA and the Acting Archivist because it fails to plausibly allege the necessary predicate for requiring the Archivist to submit a referral under 44

8

U.S.C. § 3106(b) – namely, the existence of records at imminent risk of deletion. Def. Mem. at 22-23.

In response, Plaintiff argues it "merely needs to proffer allegations" reciting the elements of a claim. P. Opp'n at 11 (citing *Price*, 2019 WL 2526439, at *6). Plaintiff therefore argues that its allegations of "the widespread existence of Signal chats" that "constitute government records" suffices. P. Opp'n at 11-12. Plaintiff speculates that "Defendants lost at least some portion of the Houthi PC Small Group Chat, raising the reasonable inference that other Signal chats are similarly at risk of deletion" and, furthermore, that the "use of non-government applications" likely "constitutes an 'unlawful removal'" of governmental records. P. Opp'n at 12. Plaintiff's argument fails because such mere recitation of the elements of a cause of action does not raise a right of relief beyond the speculative level. *Twombly*, 550 U.S. at 555; Def. Mem. at 22-23. For instance, Plaintiff relies upon the conclusory assertion that Signal chats presumed to exist "constitute government records because they are communications sent by agency heads conducting government business." P. Opp'n at 12. But this bare recitation of the statutory definition of a federal record, in the absence of any specific factual allegations, fails to sustain Plaintiff's burden to state a claim. Similarly, Plaintiff argues that "the use of non-government applications and personal devices to transmit and store government records constitutes an 'unlawful removal' of those records," per se. P. Opp'n at 12. To the contrary, however, the FRA permits electronic messaging, provided that messages containing federal records are copied to a federal recordkeeping system within 20 days. 44 U.S.C. § 2911; Def. Mem. at 21-23.

Finally, legal conclusions and conclusory assertions do not suffice to survive a motion to dismiss. For instance, to the extent Count VI relies upon recitations of their "Claims for Relief" in paragraphs 158, 181-82, 187-88, 201-05, and 210-15 of the Amended Complaint, P. Opp'n at 12,

the Court need not credit those conclusory allegations and legal conclusions as true for purposes of deciding the motion to dismiss. *See Iqbal*, 556 U.S. at 680-81; *CREW v. Pompeo*, 2020 WL 1667638, at *3 ("The Court need not accept as true, however, 'a legal conclusion couched as a factual allegation,' nor an inference unsupported by the facts set forth in the Complaint.") (quoting *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)). Plaintiff thus has failed to set forth sufficient factual allegations which, if true, would identify federal records in other Signal chats, show that those records are at risk of deletion in violation of the FRA, and demonstrate that the Archivist knew about the FRA violation but took no action in response. *Cf. Price*, 2019 WL 2526439, at *6 (elements of a claim under 44 U.S.C. § 3106(b)).

Plaintiff's claims against NARA and the Acting Archivist in Count VI therefore should be dismissed for failure to state a claim.

## CONCLUSION

In light of the foregoing, Defendants respectfully request that the Court grant this motion to dismiss the remaining Counts II and VI of the Amended Complaint.

Dated: Aug. 14, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Amber Richer*
AMBER RICHER (CA Bar No. 253918)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov
*Attorneys for Defendant*